## JAC. BOWERS ET AL. v. C. BENNETHUM ET AL.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
OF BERKS COUNTY.

Argued March 3, 1890—Decided March 17, 1890.

1. An assignment of error which avers merely that the court erred in dismissing the exceptions to a master's report, without setting out the exceptions, will not be considered by the Supreme Court.

2. The master finding upon the evidence that a deed of conveyance was not procured by fraud and that the consideration therefor was adequate, it was not error to dismiss a bill filed by the heirs of the grantor for its cancellation.

Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 384 January Term 1889, Sup. Ct.; court below, number and term not given.

On June 6, 1886, Jacob Bowers and others, children and heirs at law of Margaret Bowers (nèe Rightmyer), deceased, filed a bill in equity against Catharine Bennethum, wife of Henry Bennethum, and Henry Bennethum, praying upon the averments therein that the defendants be directed to surrender and deliver up for cancellation a certain deed from Margaret Rightmyer to Catharine Bennethum, conveying the undivided one half interest in a certain house and lot on the northwest corner of Eleventh and Washington streets, Reading; for an injunction, and for further relief.

Answer having been filed and issue joined, the cause was referred to *Mr. Wm. P. Bard*, as examiner and master, who found the material facts to be as follows:

Margaret Rightmyer was married to Jeremiah Bowers on October 22, 1848, and the plaintiffs were their children. She was divorced from her husband on August 12, 1876, thereafter assumed her maiden name, and died on February 23, 1886. In March, 1878, she owned a small frame house and lot of ground on the west side of Eleventh street, north of Washington street. She owned also the undivided one half of an old

house and lot on the northwest corner of Eleventh and Washington streets, which premises were subject to a condition that Elizabeth Rightmyer, the grantor thereof, should have the right to reside upon the premises during her life free of rent. The other undivided one half of said premises was owned by Catharine Bennethum, wife of Henry Bennethum and sister of Margaret Rightmyer. Elizabeth Rightmyer, in 1878, was in her seventy-fourth year; she died in 1887.

On March 6, 1878, Margaret Rightmyer conveyed the premises on the west side of Eleventh street to Catharine Bennethum, in consideration of the sum of $470, as stated in the deed. On the same day she conveyed to Catharine Bennethum the undivided one half of the premises on the northwest corner of Eleventh and Washington streets, in consideration of the sum of $1, as stated in the deed. At the time of these conveyances the grantor therein was indebted to Henry Bennethum upon a mortgage on the Eleventh street house and lot, which indebtedness, with interest, etc., on March 6, 1878, amounted to $470, and formed the consideration of the deed of that date to Catharine Bennethum for the Eleventh street property, the deed being so executed by direction of Henry Bennethum, the creditor.

Upon the testimony before him, the master found that the case presented was not sufficient to establish that the deeds for the two properties were procured by fraud upon the grantor, and in his report proceeded :

The only conclusion that can be arrived at is, that by reason of a great depression in real estate the mortgaged premises were insufficient for the payment of its encumbrance with interest and accumulated taxes. Mr. Bennethum desired payment of his claim, and having himself, through the depression, gone to the wall, had the property in question transferred to his wife in payment thereof. . . . . The object of this was to continue the claim of the Bennethums against Mrs. Rightmyer, in the nature of a mortgage.

If the defendants had not corrected their testimony, this might have raised a serious question, and would have involved the adequacy of the consideration. Even if this feature were supported by the evidence, did Mr. Bennethum overreach and

Master's Report.

take advantage of Mrs. Rightmyer in the value of the property she conveyed?

A number of witnesses were called by the defendants, who are and have been conversant with the value of real estate, and who say in substance that the consideration at the time of the transfer was adequate, taking into consideration Mrs. Elizabeth Rightmyer's life-estate and Margaret Rightmyer's right to live there one year after the termination of the said life-estate. The only witness who was competent to testify, who placed a high valuation on it, was Leander Rightmyer, who is a brother of Mrs. Bennethum and who displayed a great deal of bitterness, and valued the corner property at $2,500, an amount which was beyond all reason in the year 1878. The master has examined the premises himself, and he doubts, if now, with the life-estate terminated, whether it would even bring $800.

Since business has recovered and values have improved, it is apparent that the Bennethums have somewhat the best of the bargain. Mere inadequacy of price, unaccompanied with fraudulent circumstances and misrepresentation, will not avail. In Cummings's Appeal, 67 Pa. 412, which was a proceeding in equity to cancel and annul a deed on the ground of fraud and misrepresentation and inadequacy of price, the court say: " Of all matters of belief, none perhaps is more uncertain than opinions of value, and therefore, mere inadequacy of price is not considered a ground of relief."

Your master, therefore, finds that there was no fraud and false representations in the procurement of the deeds of the two properties, and that at the time of the transaction, in view of the depressed business period we were passing through, the consideration was fair and adequate. It is, therefore, recommended that a decree be made dismissing the complainants' bill with costs.

—To the report of the master, the plaintiffs filed exceptions, which were overruled by the master and renewed in court on the filing of his report. After argument thereof, the court, HAGENMAN, P. J., without opinion filed, dismissed the exceptions, " no arguments having been furnished," and entered a final decree dismissing the plaintiffs' bill. Thereupon the plaintiffs took this appeal, specifying that the court erred:

Syllabus.

1. " In dismissing the exceptions to the master's report."

2. In entering the decree dismissing the plaintiffs' bill.

3. In not finding and decreeing that the deed dated March 6, 1878, conveying the Eleventh and Washington streets property, should be surrendered, etc., for cancellation.

*Mr. D. E. Schroeder,* for the appellants.

Counsel cited: Chess v. Chess, 1 P. & W. 32; Duncan v. McCullough, 4 S. & R. 483; McKinney v. Roberts, 5 W. 348.

*Mr. Cyrus G. Derr,* for the appellees.

PER CURIAM:

The first assignment does not conform to the Rules of Court, and will not be considered. The two remaining assignments are general, and allege error in the decree. A portion only of the testimony is printed, but it was conceded that there was an adequate consideration given for the deed which the appellants seek to have delivered up and canceled. This leaves open only the question of fraud, and this has been found against the appellants by the master, which finding has been approved by the court below. This finding was abundantly justified by the evidence. The plaintiffs had no case upon the merits.

> The decree is affirmed and the appeal dismissed, at the costs of the appellants.