## Welsh et ux. *v.* Ford et ux., Appellants.

*Vendor and vendee—Contract for sale of real estate—Principal and agent—Fraud—Consideration—Inadequacy—Equity—Specific performance.*

1. The vendor of real estate cannot complain of the act of his own agent in misstating to him the value of the land.

2. Inadequacy of consideration is not ground for refusal to decree specific performance of a contract to convey real estate, unless there is evidence of fraud or unfairness in the transaction sufficient to make it inequitable to compel performance.

3. While no rule applicable to all cases can be announced, it may be said that specific relief will be granted if apparent that, in view of all the circumstances, it will subserve the ends of justice, and will be withheld where, on a like view, it appears hardship or injustice will result to either of the parties.

Argued November 28, 1924. Appeal, No. 37, Jan. T., 1925, by defendants, from decree of C. P. No. 1, Phila. Co., March T., 1923, No. 7457, on bill in equity, in case of John Welsh et ux. *v.* James Ford et ux. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance of sale of real estate. Before SHOEMAKER, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. Defendants appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Frederick A. Sobernheimer,* for appellants, cited: Sears v. Trust Co., 228 Pa. 126; Witman v. Reading, 191 Pa. 134; Friend v. Lamb, 152 Pa. 529; Caton v. Wellershouse, 77 Pa. Superior Ct. 331; McHale v. Reilly, 274 Pa. 175.

*Raymond V. John,* for appellees, cited: Allen v. Mowry, 278 Pa. 64; McHale v. Reilly, 274 Pa. 175 .

OPINION BY MR. JUSTICE FRAZER, January 5, 1925:

By contract in writing, dated January 22, 1923, defendants agreed to sell to plaintiffs the premises No. 4618 Mansion Avenue, 21st Ward, Philadelphia, for the sum of $4,500, $100 being paid at the time of signing the agreement and the balance to be paid at settlement, to be made within 90 days. The day following the signing of the agreement, defendants concluded the price for which they had agreed to sell the property was inadequate and notified the real estate broker, through whom the contract was negotiated, of their refusal to carry out the agreement and tendered to him the $100 paid by the purchasers, which he declined to receive. On defendants' failure to complete the transaction at the time arranged for settlement, plaintiffs filed this bill for specific performance of the contract. Defendants' answer averred the real estate broker "falsely and fraudulently misrepresented to defendants that the sum of $4,500, the price mentioned in the agreement of sale, was a full price for the premises" while, as a matter of fact, $6,000 was a fair value for the property. At the trial defendants testified the amount they were to receive was not the fair value of the property and for that reason they declined to carry out the agreement, but would however be satisfied to sell for an additional sum of $500. The only evidence tending to establish the charge of misrepresentation and fraud on the part of the real estate broker is found in the testimony of defendants themselves, one of whom, the wife, stated the broker brought the agreement to their house and that she first refused to sign, the broker "talked it up big," saying that $4,500 was big money for the house" and that this "sounded big money" to her husband, the other defendant, "because he didn't investigate to see what the property was worth," whereupon the witness "got disgusted and signed to get rid of him," realiz-

ing, however, she had "made a mistake" as soon as she had placed her name on the paper. The other witness testified the broker informed his wife and himself they were "getting good value for their property and may not get it again." The contract had been signed by plaintiffs before being brought to defendants by the broker.

Defendants called as witness in their behalf a real estate agent who testified the price stipulated in the agreement was less than the actual value of the property, which in his opinion was $6,000; the court below, however, later, without objection on defendants' part, struck from the record the testimony of this witness and found as a fact that defendants failed to prove inadequacy of consideration and further that such fact, if proved, would not have been a good defense, inasmuch as there was insufficient testimony to establish fraud, but concluded, nevertheless, that plaintiffs were not entitled to specific performance because of their failure to prove delivery of the agreement of sale to plaintiffs before revocation of the agent's authority, and directed a decree dismissing the bill. On exception filed, this decree was reversed under the authority of Allen v. Mowry, 278 Pa. 64, holding that physical delivery of a contract for the sale of land is not necessary to make it a sufficient memorandum in writing to satisfy the statute of frauds. A decree for specific performance was thereupon entered, from which defendants appealed.

Appellants contend the real estate broker was acting solely on behalf of plaintiffs. If so, delivery was complete at the time the agreement was signed and placed in his hands. As a matter of fact, it apppears he was being paid for his services by defendants, and the court found he was actually defendants' agent in making sale of the premises. In that event plaintiffs cannot be held responsible for a fraud practiced on defendants by their own agent. Furthermore, the court found, and properly so, that the evidence offered failed to show fraud perpetrated on defendants and it also found defendants

failed to prove inadequacy of consideration, and that the alleged insufficiency in price was not a valid defense. We concur in this conclusion. Inadequacy of consideration is not ground for refusing to decree specific performance of a contract to convey real estate, unless there is evidence of fraud or unfairness in the transaction sufficient to make it inequitable to compel performance: Harris v. Tyson, 24 Pa. 347, 360; Graham v. Pancoast, 30 Pa. 89, 97; Cummings's App., 67 Pa. 404; Bowers v. Bennethum, 133 Pa. 306; Jackson's Est., 203 Pa. 33. "Inadequacy of price, improvidence, surprise, and mere hardship, none of these, nor all combined, furnish an adequate reason for a judicial rescission of a contract. For such action something more is demanded,—such as fraud, mistake or illegality": Frey's Est., 223 Pa. 61, 65. Although relief in equity is a matter of grace only and not of right, and rests in the discretion of the court, to be exercised upon a consideration of all the circumstances of the case, it does not follow that a decree for specific performance must be entered in all cases where the agreement is legally sound and the price adequate, but if the transaction be inequitable or unjust in itself or rendered so by matters subsequently occurring, specific performance may be denied and the parties turned over to their remedy in damages (Rennyson v. Rozell, 106 Pa. 407, 412); and, while no rule applicable to all cases can be announced, it may be said that specific relief will be granted if apparent that, in view of all the circumstances, it will subserve the ends of justice, and will be withheld where, on a like view, it appears hardship or injustice will result to either of the parties: Rennyson v. Rozell, supra; Spotts v. Eisenhauer, 31 Pa. Superior Ct. 89, 93. We find nothing in the circumstances of this case indicating either that the contract was procured by fraud or misrepresentation or that it was so improvident that a chancellor ought not to enforce it according to its terms, and we find no abuse of discretion on the part of the court below.

The decree is affirmed at costs of appellants.