## Knorr et al., Appellants, *v.* Knorr et al.

*Appeals—Equity—Findings of fact—Cancellation of deed.*

1. The appellate court will not reverse a finding by a court of equity, grounded on adequate evidence, that a deed sought to be cancelled was based on sufficient consideration and that the grantee at the time of his death held an absolute fee in the property deeded, and not as a resulting trustee for plaintiffs.

Argued March 16, 1926. Appeal, No. 48, March T., 1926, by plaintiffs, from decree of C. P. Allegheny Co.,

Jan. T., 1925, No. 2712, dismissing bill in equity, in case of Tobias M. Knorr et al. v. Cordelia M. Knorr, widow and executrix of William L. Knorr, deceased, and the W. L. Knorr Co., a corporation.  Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.  Affirmed.

Bill for cancellation of deed and to declare trust in real estate.  Before Macfarlane, J.

Bill dismissed: 74 Pitts. L. J. 75.  Plaintiffs appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Charles A. O'Brien,* for appellants.

*John H. Lauer,* of *Liddell & Lauer,* for appellee.

Per Curiam, April 12, 1926:

The four plaintiffs and William L. Knorr, now deceased (whose widow, Cordelia M. Knorr, defendant, is executrix and trustee under his will), owned all the stock of the W. L. Knorr Company, a corporation, which appears to be a family company, transacting a commercial business.  At a duly convened meeting of the stockholders of this corporation, held January 29, 1921, prior to the death of William L. Knorr, a resolution was passed authorizing its officers to convey certain real estate of the company to William L. Knorr for a named consideration, viz, a large block of the stock of the corporation then standing in his name, such stock to be subsequently distributed in certain proportions to plaintiffs, the other stockholders of the company.  Following this meeting, a deed conveying the property in accordance with the resolution was executed, delivered and duly recorded, and William L. Knorr at the same time delivered the stock in question to the corporation, which turned these shares into its treasury and subsequently reissued them to plaintiffs in the proportions

specified in the resolution.  On December 15, 1924, nearly three years after the deed to William L. Knorr, the receipt of the stock paid into the corporation's treasury and its distribution to the four plaintiffs, the latter, without tendering a return of the stock thus received by them, filed a bill in equity against the personal representative of the estate of William L. Knorr, deceased, and the Knorr corporation, praying that the deed to William L. Knorr be "cancelled and annulled."  The bill alleges that, at the time of the conveyance, Knorr had promised to sell the property for their benefit and, if not sold, to reconvey it to the corporation; that the property, not having been sold by him, was held in trust for them or for their benefit as stockholders of the corporation.  The court below found as a fact that "there was no promise or undertaking by William L. Knorr to divide the proceeds of the property, if sold by him, or, if not sold, to reconvey it to the corportion"; that the property was deeded to Knorr for a valuable consideration, and that at the time of his death he held an absolute fee therein; finally, that "the evidence is not of the precise, clear and convincing character required to create a trust."  After considering the pleadings and reading the evidence, we are not convinced that the chancellor erred in either his findings of fact or conclusions of law.

The decree appealed from is affirmed at cost of appellants.