Rupniewski et ux., Appellants, *v.* Miazga et al.

Argued December 3, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Wm. T. Connor,* with him *John R. K. Scott,* for appellants.—The effect to be given to assignments of error complaining of the findings of fact made by a chancellor and subsequently sustained by the court in banc has been determined and decided in: Crick v. Paull, 287 Pa. 431; Philadelphia-Fidelity Trust Co. v. Coal Co., 294 Pa. 47.

Uniformly the courts have held that agreements of the character of that executed in the case at bar should be specifically performed: Frey's Est., 223 Pa. 61; Nunge v. Crawford, 88 Pa. Superior Ct. 516; Welsh v. Ford, 282 Pa. 96; Humphrey v. Brown, 291 Pa. 53.

*Isadore Katz,* with him *Ralf L. Rakoczy,* for appellees.—The findings will not be reversed except for manifest error of law, but when the evidence is conflicting and involves the credibility of witnesses, then the only question for review is whether there is sufficient evidence to sustain the findings: Patterson v. Martz, 8 Watts 374.

Specific performance is a matter of grace only and not of right, and rests in the discretion of the court, to be exercised on a consideration of all the circumstances: Welsh v. Ford, 282 Pa. 98; Humphrey v. Brown, 291 Pa. 53.

The degree of proof of deception and unfairness is much lower when a defendant resists a bill for specific performance than when a complainant seeks to set aside a contract: Patterson v. Martz, 8 Watts 374; Brown v. Pitcairn, 148 Pa. 387; Lynch's App., 97 Pa. 349; Frey's Est., 223 Pa. 61; Wilson v. Getty, 57 Pa. 266; Pusic v. Salak, 261 Pa. 512.

OPINION BY MR. JUSTICE FRAZER, January 13, 1930:

On September 8, 1927, Kazimierz Miazga and Bertha Miazga his wife, two defendants, hereinafter referred to as defendants, entered into a written agreement with plaintiffs whereby plaintiffs were to convey to defendants premises No. 2830 Chatham Street, Philadelphia, and ten unimproved lots situated at Woodcrest, Camden County, New Jersey, at a total valuation of $8,000, and defendants were to convey to plaintiffs No. 2553 E. Ann Street, Philadelphia, and also transfer stock, fixtures and good will of an ice cream and candy business which defendants carried on in their property at a total valuation of $11,000. The difference of $3,000 was to be paid by plaintiffs to defendants at the time of settlement. In lieu of a cash payment on account of the sale, each party gave to the other a judgment note for $1,500 with the understanding that the notes were to be cancelled at the time of settlement. Possession was to be given September 10, 1927, and final settlement made November 8, 1927. Pursuant to the agreement, the parties vacated their respective properties two days later, plaintiffs taking possession of defendants' property and defendants taking possession of plaintiffs'. Defendants failed to appear and make settlement at the time stated. In the meantime, on September 14, 1927, there was executed and deposited for record a deed from Miazga and wife to Zawadski, the other defendant, conveying the Ann Street premises, defendants averring the conveyance was made pursuant to an agreement dated August 22, 1927, which called for a consideration of $10,000, and

settlement to be made in two months. On learning of this action, plaintiffs filed the present bill for specific performance of their contract, asking that the conveyance to Zawadski be declared void and that defendants be directed to execute a deed to plaintiffs. The defense set up was that Miazga signed the agreement while intoxicated and in the belief that he was signing an agreement for the sale of his business and a lease of the premises to plaintiff and that his wife signed under duress exercised by her husband. The chancellor found that defendant "if not drunk had at least been drinking at the time the negotiations were being carried on" and further that he was "impressed with the fact that if specific performance is decreed here the net result would be that plaintiffs will get property worth in excess of $11,000 for a consideration of approximately $7,000," and that "it is mainly on the ground, therefore, that this contract is an unconscionable one, and would be a gross imposition on defendants, that the chancellor deems it proper to restore the parties to their former positions." The decree accordingly directed that the agreement be cancelled, that the judgment note of defendants, which had been entered of record by complainants when defendants refused to perform, be satisfied, and that complainants vacate premises No. 2553 E. Ann Street and deliver to defendants the store and fixtures and stock to the value of $700. From this decree plaintiffs appealed.

Are the findings of the court below supported by the evidence? The agreement between the parties was executed and performed by the delivery of possession with a speed not usually found in transactions of this character. The record shows that two real estate brokers, with both plaintiffs, called at the residence of defendants, and after discussion concerning the respective values of their properties, drove to Woodcrest, New Jersey, taking with them Kazimierz Miazga to look at the lots. Upon their return, an agreement was imme-

diately prepared and signed by the parties and witnessed by the real estate brokers. The evidence as to the use of liquor by the parties is conflicting. Both plaintiffs and the two brokers testified that no liquor was used by them or by any one else to their knowledge and that defendant was sober at the time. On the other hand, husband and wife testified the former had been drinking during the evening, that he and another person on the same evening had consumed about two gallons of wine, and that on the return from the trip to New Jersey he had taken four or five drinks from a bottle. If the evidence of these two defendants is true, the most remarkable thing about the entire transaction is that Miazga should have any knowledge whatever as to what happened during that evening. The fact that he states in considerable detail the events of the night throws doubt on his testimony that he was unaware of the contents of the agreement. Both he and his wife testified that she signed the agreement under compulsion which, according to her, consisted of a threat by him "to hit her" if she refused to sign.

In addition to the foregoing evidence of what took place at the signing of the agreement, there is the testimony of a third member of the firm of real estate brokers to the effect that four days after the agreement was signed Miazga came to his office and said he was not satisfied with the deal and figured he had paid too much money and asked whether the agreement could not be destroyed. Plaintiffs also produced a witness who testified to an admission by Mrs. Miazga to the effect that they had sold the building as well as the store and fixtures to plaintiffs. The weight of the evidence, therefore, would seem to be greatly in favor of plaintiff and this is further corroborated by the written agreement. However, the chancellor had the witnesses before him and was in a better position to judge of their credibility than we are from the printed record. The general rule applicable in controversies of this kind,

following numerous other decisions, is stated in Crick v. Paull, 287 Pa. 431, 435, as follows: "The findings of the chancellor are entitled to the weight of a jury's verdict, and where supported by evidence, though in dispute, are controlling here. If there is no testimony to justify the conclusions reached, or if dependent only on inferences to be drawn from proven facts, the determination will be considered on appeal, as if the matter were presented de novo. But if resting on the weight to be allowed to the narratives of those testifying, the trial judge is in better position to reach a proper judgment, and his finding will be given conclusive force: Miller v. Central T. & S. Co., 285 Pa. 472; Knorr v. Knorr, 286 Pa. 126."

The court below did not, however, place the decision on the ground that defendant was under influence of liquor to such extent as to deprive him of his ability to understand what he was doing, but mainly on the ground of inadequate consideration and that plaintiff acquired for $7,000, property worth $11,000. Although inadequacy of price alone is not sufficient to justify a rescission of contract in absence of fraud and unfairness in the transaction making it inequitable to compel performance (Welsh v. Ford, 282 Pa. 96, 98, and cases cited), the court below evidently concluded that other circumstances in the case so strongly indicated that advantage had been taken of defendants that the case was one for the application of the rule that a decree for specific performance is not of right but of grace and will not be granted where the equities lead the chancellor to the belief that injustice will be done: Welsh v. Ford, 282 Pa. 96, 99; Humphrey v. Brown, 291 Pa. 53, 60. The record does not show such abuse of discretion as to require a reversal of the court below.

Decree is affirmed at costs of appellants.