## Frederick Estate.

Argued October 25, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Robert C. Haberstroh,* for appellants.

*R. J. Puderbaugh,* with him *Charles M. Kurtz, Paul E. Beaver* and *Frank B. Warfel* for appellees.

OPINION BY JAMES, J.:

Petitioners were permitted by the court below to intervene and appeal from a decree excepting certain land from a tract which the guardian of a feeble-minded person was ordered to convey to the petitioners under the Act of June 13, 1836, P. L. 589, 50 PS §821.

In 1924, D. B. Frederick bought from J. G. Myers a tract of land containing approximately 222 acres divided by a road commonly known as the "back road." Over a period of years, he disposed of some ten to fifteen acres of farmland and cottage sites lying on both sides of the back road. A daughter and son-in-law, Mr. and Mrs. Harry Hardy, also occupied, ever since 1932, a cottage and a strip of land to the right of the back road. On March 31, 1941, D. B. Frederick delivered a written and acknowledged agreement of sale promising to convey to the petitioners, Mahlon A. Otto and Daisy V. Otto, his wife, the entire tract of 222 acres, as described in the deed from J. G. Myers, for $5,000, payable within ninety (90) days. The Ottos and some of D. B. Frederick's children were present during the delivery, and it was understood between them that although they were included within the metes and bounds named in the agreement of sale, those cottage sites which had been deeded away were to be excepted. On May 26, 1941, D. B. Frederick was adjudicated a feeble-minded person

and the Altoona Trust Company appointed guardian. Shortly the guardian had surveys made, showing the parcel of land to the left of the back road contained 132 acres and the parcel to the right 62 acres. On October 20, 1941, the guardian filed a petition in the Court of Common Pleas of Blair County alleging the agreement of sale; that the best interests of the ward required the property be sold under the terms of the agreement rather than at a public sale; and praying the court to decree a sale to the Ottos of a tract of 132 acres lying to the left of the back road. In the petition the description of the land differed both in boundaries and in acreage, from that contained in the agreement of sale and in the original deed from J. G. Myers. No notice of the petition was given to the next of kin or to the Ottos, the purchasers. The court, finding that the best interests of D. B. Frederick required a private sale and that the sum of $5,000 offered was more than a public sale would bring, directed the conveyance of the land described in the petition. Thereupon, the guardian executed a deed to the Ottos conveying not only the 132 acres named in the petition, but an additional 62 acres lying to the right of the back road. On April 5, 1943, the guardian filed an amended petition, admitting that the description in the original petition was erroneous, but asking the court to ratify and confirm nunc pro tunc as of October 20, 1941 the deed given. Notice was served upon the next of kin and the Hardys filed an answer averring that a part of the 62 acre plot had been purchased on an oral agreement in 1936 with David B. Frederick; that the purchase price had been paid, improvements had been made and that they had continuously lived on the land since the date of the agreement. The court then heard evidence by the guardian and the respondents as to whether the land occupied by the Hardys should be excluded from any conveyance by the guardian to the Ottos. On December 14, 1943 the court decreed the original proceedings of October

20, 1941 void because notice was not served on the next of kin of D. B. Frederick; that it could not amend a record nunc pro tunc to the prejudice of the Hardys; and that the amending petition must be treated as an original petition. Thereupon it found that the description in the agreement of sale did not correctly describe the land intended for sale; that the true intention was to exclude the land held by the Hardys; that the Ottos had knowledge of the open and notorious possession of the Hardys and were bound to inquire into their title, and having failed to make the inquiry, they cannot obtain that portion of the land in an action for the specific performance of a contract. The guardian was ordered to execute a new deed conveying to the Ottos the tract of 132 acres described in the original petition as well as the additional 62 acres, except the parcel containing about an acre occupied by Mr. and Mrs. Hardy. On February 7, 1944, upon petition of appellants, they were permitted to intervene as parties in interest.

In discussing the procedural points raised by the appellants, they overlook the fact that the original petition was brought under the Act of May 28, 1907, P. L. 292, 50 PS §961, while the amended petition was based on the Act of June 13, 1836, P. L. 589, 50 PS §821. Under the Act of 1907, realty may be sold whenever, in the opinion of the court, it is necessary for the maintenance of the ward or his family, or the education of his minor children, or the payment of his debts, or where it is for the interest of the ward that the property be sold; and unless a better price is obtainable by private sale, the sale must be public. The Act of 1836, however, prescribed how agreements of sale made before incapacity may be enforced against the estate of the incompetent, the court possessing "full power, if the facts of the case be sufficient in equity, and no sufficient cause be shown to the contrary, to decree the specific performance of such contract, according to the true intent and meaning thereof"; there are no requirements

that the proceeds be needed for the support of the ward or the payment of his debts, or that the sale be to the interest of the ward, and from the nature of the case, a publicly conducted sale is impossible. In brief, the Act of 1907 gives the court broader powers to protect the ward and his estate than the Act of 1836. The objective of the Act of 1836 is even more apparent when it is recalled that in 1836 the real estate of a feeble-minded person could be sold to maintain him, pay his debts, or educate his children, but not to protect his estate. Act of 1836, supra; see *Gerlach's Est.*, 127 Pa. Superior Ct. 293, 300, 193 A. 467. The discretion to sell for the interest of the estate was first conferred upon the court by the Act of April 18, 1853, P. L. 503. *Bennett v. Hayden*, 145 Pa. 586, 597, 23 A. 255. Consequently, the court properly treated the amended petition as an original one, predicated upon a different discretionary power vested by another statute. "A record can only be amended where there is something to amend by." *Bennett v. Hayden*, supra, at p. 592. But the amended petition which was served upon the next of kin merely informed them that the contents of the agreement of sale would be involved, not the interest of the estate of the ward, and their answer and proof was directed accordingly. As for the original petition, the failure to give any notice to the next of kin of its pendency was fatal. The Act of 1907, supra, provides that the guardian of an incompetent shall have "precisely the same powers, and be subject to the same duties, as a committee on lunacy in the state of Pennsylvania." A committee on lunacy must give due notice of the intended application "to the wife, if any, and the next of kin ...... capable of inheriting the estate." Act of 1836, supra. "This requirement is not merely directory; it absolutely prohibits the making of the order unless the provisions of the section have been complied with. The legislature, no doubt, recognizing the danger involved in the exercise of the jurisdiction which they

conferred and the helplessness of the person whose property was to be sold, made the exercise of the power absolutely dependent upon notice to the next of kin, and, that there might be no mistake as to who were entitled to notice, defined the term 'next of kin' as the persons 'capable of inheriting the estate.' ...... This is a safeguard against the abuse of power without full inquiry as to the facts." *Mitchell v. Spaulding*, 206 Pa. 220, 223, 55 A. 968; *Bennett v. Hayden*, supra; *Patchin v. Seward Coal Co.*, 226 Pa. 159, 75 A. 250. The Act of April 18, 1853, P. L. 503, also requires notice to all persons "who shall have any present or expectant interest in the premises." This duty to notify the next of kin similarly rests upon a guardian seeking an order of sale from a court of common pleas, and its necessity seems amply justified by the muddle in this case. The failure to conform with the Act of 1907 nullifies the original decree, and action on the amended petition must proceed de novo.

The weight of petitioner's complaint bears upon an abuse of discretion in finding that when the agreement of sale was signed the intent of D. B. Frederick and the Ottos did not contemplate the inclusion of the tract in possession of the Hardys within the area sold. The court has the power "if the facts of the case be sufficient in equity" to decree "the specific performance of the contract, according to the true intent and meaning thereof." Act of 1836, supra. A ward of the court is involved in the proceedings, and the court must exercise care that its decree should not lead to inequity and injustice. Petitioner is correct in stating that ever since *Gianni v. Russell & Co.*, 281 Pa. 320, 126 A. 791, whenever parties without any fraud or mistake integrate their agreements into a writing, the law declares the writing to be not only the best, but the only evidence of their undertaking, and in the interest of the integrity of written contracts, parol evidence adding to or varying the terms in the writing will be excluded. *First*

*National Bank v. Sagerson,* 283 Pa. 406, 129 A. 333; *Colonial Mfg. Co. v. Carideo,* 142 Pa. Superior Ct. 485, 16 A. (2d) 731; *Lycoming Trust Co. v. Smithgall,* 334 Pa. 4, 5 A. (2d) 152. However, when it is admitted that the writing does not express the entire understanding and agreement of the parties, either party may show by parol evidence what the correct facts were regarding the matter. *Ward v. Zeigler,* 285 Pa. 557, 132 A. 798; *Newland v. Lehigh Valley R. R. Co.,* 315 Pa. 193, 173 A. 822; *Allinger v. Melvin,* 315 Pa. 298, 172 A. 712; *Roberts v. Roesch,* 306 Pa. 435, 159 A. 870; *Howell v. Wheelock,* 115 Pa. Superior Ct. 599, 176 A. 252, all decided since *Gianni v. Russell & Co.,* supra; nor is the rule applicable to strangers to the written agreement. *Roberts v. Cauffiel,* 283 Pa. 64, 128 A. 670; *Marks v. Feldman,* 92 Pa. Superior Ct. 390, 392.

The Hardys are in no sense privies to the contract between the ward and petitioners, and are relying upon an agreement and understanding prior to the appointment of the guardian.

Petitioners admit that the metes and bounds contained in the agreement of sale are incorrect since they knew and assented that at least ten or twelve acres which previously had been conveyed to various purchasers were improperly included. Obviously the writing did not express what vendor and purchaser had in mind, and once doubt is cast upon the completeness of the terms, it becomes the duty of a court of equity, before granting specific performance, to ascertain the right description. The Act of 1836, supra, specifically directs that the contract be enforced "according to the true intent and meaning thereof."

The testimony was contradictory, but adequate to support the finding that Otto and D. B. Frederick intended to exclude the land in possession of the Hardys from the area conveyed. The court was likewise justified in finding that when Otto accepted the agreement of sale he knew of the Hardy's possession, and though failing

to make inquiry he is affected with constructive notice of all he might have learned. *Kinch v. Fluke,* 311 Pa. 405, 408, 166 A. 905; *Stonecipher v. Keane,* 268 Pa. 540, 112 A. 233. "The findings of the chancellor are entitled to the weight of a jury's verdict, and where supported by evidence, though in dispute, are controlling here." *Rupniewski v. Miazga,* 299 Pa. 190, 195, 149 A. 193. Specific performance is discretionary with the court, *Workman v. Guthrie,* 29 Pa. 495, 510, which has properly withheld it where it appears that hardship and injustice will result. *Welsh v. Ford,* 282 Pa. 96, 127 A. 431; *Rupniewski v. Miazga,* supra.

Decree affirmed.

Per Curiam, January 25, 1945:

The foregoing opinion was prepared by Judge James prior to the expiration of his term of office. It is now adopted as the opinion of the Court.