### A. M. WEBB & CO., Inc. v. ROBERT P. MILLER CO.
#### Civil Action No. 4240.

District Court, E. D. Pennsylvania.
May 3, 1948.

---

Herbert Spencer Leman, of New York City, and Moss & Moss, of Philadelphia, Pa., for plaintiff.

Zelby & Burstein, of New York City, and Freedman, Landy & Lorry, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is an action by a selling agency against a manufacturer to recover damages for breach of a written agreement made January 9, 1941, which provided that the plaintiff would have the exclusive disposal of the entire output of the defendant's mill for a period of five years. No price was mentioned and for that reason this Court, on a preliminary motion by the defendant, dismissed the action holding that, inasmuch as an essential term was omitted, the writing amounted to no more than an agreement to agree in the future and was unenforceable. The Circuit Court of Appeals, 3 Cir., 157 F.2d 865, reversed and the case has now been tried before this Court with a jury. The jury returned a special verdict in the form of answers to five written questions. Both parties have moved for judgment and the plaintiff has presented an alternative motion for a new trial.

### The Motions for Judgment.

The questions submitted to the jury dealt with two major issues: First, what was the agreement as to price between the parties, and second, was the arrangement entered into on January 9 subsequently rescinded.

The jury, in answer to the third question, found that the understanding on January 9 was that the price of the goods over a five year period was to be fixed from time to time by voluntary agreement—in other words, that it was in fact an agreement to make agreements in the future. It follows as a matter of law that no valid contract ever existed. The answer to the fifth question was a finding that the agreement of January 9 was rescinded by mutual agreement on April 8. Either[1] of these findings, entirely independent of the other, makes it necessary to enter judgment for the defendant, provided that either question was a proper one and was submitted with proper instructions.

---

[1] There was evidence that between January 9 and April 8 the defendant had made sales to others than the plaintiff in violation of the agreement. Only a small portion of the testimony has been transcribed but, so far as my recollection goes, there was no evidence to show the amount of sales during this period and consequently no evidence of damages incurred during that period upon which any judgment for the plaintiff could be entered. In any event, the indications are that the amount of such sales was small.

Neither the parol evidence rule nor the doctrine of the law of the case precluded the submission of the issue dealt with in the third question.

■■ As to the parol evidence rule: When both sides agree that the writing does not and was not intended to express the entire agreement between the parties, parol evidence is always admissible to show what the whole understanding was. Frederick's Estate, 156 Pa.Super. 547, 554, 41 A.2d 59, and cases there cited.

■■ In the present case both parties testified in effect that there was in existence an earlier understanding as to price which they had acted upon over a period of years and which the written agreement of January 9, 1941, was not intended to supersede. Ives testified: " * * * let us go into the thing exclusively. That was all that was considered on January 9, and that was in our minds. We did not expect that our relationship as far as price and giving him half of our mark-up would be disturbed in the least." Miller testified:

"Q. Was there an understanding that your price to him would be your cost plus a reasonable profit, or something like that? Was there such an understanding as that prior? A. Yes, a reasonable profit was supposed to be included in our base price.

"Q. And that was the understanding you had before January 9? A. Yes, sir. * * *

"Q. Now, that agreement you said existed before January, 1941, both before and after, that you had just testified to? A. Well, there wasn't any changes made.

"Q. There wasn't any changes made? After that you dealt on the same basis as you did before? A. Yes, sir, as far as the base price, but understand we always had to agree on the base price. That was the contention all the time."

As to what the earlier agreement was, the testimony was conflicting and that of Ives was self-contradictory, and evidence could be found in the record to support any one of the three alternative findings possible under the questions submitted. But both parties were in complete agreement (1) that there was an existing understanding of some kind upon the matter of price and (2) that they did not intend to change it by the agreement of January 9.

■■ As to the law of the case: that doctrine applies to all questions of law identical with those on the prior appeal, and on the same facts, and to such questions only. Whenever different questions arise on the second appeal or the record presents a different state of facts the former determination is not controlling. The judgment of the appellate court can make res judicata only that which was in issue and decided. See 5 C.J.S., Appeal and Error, § 1964d and cases cited. A case very nearly in point involving a contract like the one in the present case was Kann v. Wausau Abrasives Co., 85 N.H. 41, 153 A. 823. On an appeal from a judgment on a demurrer on a bill in equity setting forth a written contract, the Supreme Court interpreted certain provisions of the contract. On a subsequent appeal the Supreme Court held that its earlier decision was not res judicata as to the meaning of provisions which required for their final interpretation the consideration of evidentiary facts and circumstances in connection with the performance of the contract which appeared in evidence at the trial of the case.

■ The earlier appeal in the present case was from a judgment on pleadings only and the Circuit Court of Appeals had before it nothing but a bare written agreement which provided for the sale of the output of a factory over a period of five years with no mention of the price to be paid for the goods. The Court ruled that, in such an agreement, the law will supply a term to the effect that the price is to be at "market" or "current" rates, and cited the Personal Property Law of New York, § 90, subd. 4, which provided that where no price is fixed the buyer must pay "a reasonable price", A. M. Webb & Co. v. Robert P. Miller Co., 3 Cir., 157 F.2d 865. But this is not to say that where, as here, it appears from the testimony of both parties in a subsequent trial that there was an understanding between them about the price and further that, whatever it may have been, it was not market, current or reasonable rates, the trial court may not proceed to determine

what the real understanding was. It cannot be supposed that there is any rule of law which would place a court in the preposterous position of proceeding to adjudicate the contractual rights and liabilities of parties before it upon the basis of a theoretical agreement which both sides agree was not the contract they made.

As a matter of fact, had the jury answered either Question One or Two in the affirmative instead of Question Three, the defendant would have been entitled to judgment, the reason being that the contract would then have been invalid under the Statute of Frauds. And this leads to the conclusion that, on the uncontradicted testimony of the existence of an oral understanding of some kind as to the price which the parties had no intention of dealing with in the writing, a verdict for the defendant could properly have been directed at the close of the evidence.

### The Plaintiff's Motion for New Trial.

The plaintiff's motion for a new trial is based on a large number of reasons, none of which require extended discussion. One of them is that the questions, the answers to which make up the special verdict, involve matters of law rather than fact. This is not so, however. The plaintiff, I think, confuses evidentiary facts with fact issues. Federal Rules of Civil Procedure, rule 49(a), 28 U.S.C.A. following section 723c, prescribes that a special verdict would be in the form of a written finding "upon each issue of fact." It is proper practice to simplify the task of the jury by making the questions as simple and as broad as possible. If a party thinks that the questions do not adequately cover the case, he may propose additional ones for submission to the jury, before they retire, otherwise he waives his right to a trial by jury upon them. "A special issue or special interrogatory should relate to, and call for, only the determination of some ultimate fact involved in the case, and essential to the right of action or matter of defense * * *," 64 C.J., Page 1132, and an interrogatory is improper and may be refused submission where it relates to or calls for a merely evidentiary fact. Of course, the questions must be confined to matters of fact but in some issues questions of fact and law are necessarily intermingled and when this is the case the submission of the questions is not error. Mills Woven Cartridge Belt Co. v. Malley, 1 Cir., 286 F. 841.

As to the charge, no complaint either as to its correctness or adequacy is made in this motion nor did the plaintiff raise any such question at the trial. The plaintiff submitted two points for charge which the Court did not deal with. However, at the end of the charge the Court said, "Gentlemen, is there anything further you want me to say to this jury?" In response to this request the defendant, who had presented 18 points for charge, requested the Court to charge upon four of them, excepted to the Court's refusal to do so and in addition took six specific exceptions to portions of the charge or omissions therefrom. The plaintiff made no request and took no exceptions. His silence, in view of the protracted discussion about the defendant's points and the numerous exceptions taken by the defendant, can hardly have been mere oversight. One of the points had to do with the burden of proof upon the issue of rescission contained in the fifth question. [2] In view of the questions submitted, particularly the first three, it may have been advantageous to the plaintiff not to invite the Court to deal with the matter of burden of proof but to go to the jury upon the charge as it stood or at least his counsel may have thought so. At any rate he elected to do so and must be deemed to have waived his right to have his points submitted or ruled upon.

However, this discussion upon the motion for a new trial is largely unnecessary. As has been pointed out the undisputed evidence that there was an existing arrange-

---

[2] If the charge of the Court upon the issue of rescission be read it will be seen that, without saying it in so many words, the Court in effect did put a substantial burden upon the defendant to convince the jury that there had been a rescission. The defendant's counsel excepted to this part of the charge as having given "a sort of a prejudiced viewpoint in your charge, in favor of the plaintiff."

ment upon the question of price and that it was omitted from the written contract would require the entry of judgment for the defendant regardless of the findings of the jury.

The plaintiff's motion for a new trial is denied.

Judgment may be entered for the defendant.