354 A.2d 534

**Patrick R. TRAPUZZANO and Madeline Trapuzzano, his wife, Appellants,**

v.

**Sara T. LORISH, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1975.

Decided April 7, 1976.

28

———◆———

John A. Metz, Jr., Louis H. Artuso, Pittsburgh, for appellants.

Ernest L. Butya, Joseph I. Lewis, Pittsburgh, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

This appeal involves the propriety of the trial court's grant of a judgment on the pleadings in favor of appellee in an equity action. Appellants, Patrick and Madeline Trapuzzano, sought but were denied, specific performance of a portion of an agreement of sale entered into between appellants and appellee, Sara T. Lorish, and her husband who died prior to this lawsuit.

In their complaint appellants alleged that on January 7, 1967, they entered into an agreement whereby the appellee agreed to (1) sell a two story dwelling for $16,500, and (2) gave appellants an option to purchase adjoining property for $500. Appellants further alleged that the appellee performed the first part of the agreement, but refused to perform the second part of the agreement after appellants had notified appellee of their intention to exercise the option contained in part two of the agreement. Appellee answered the complaint admitting the execution of the agreement of January 7, 1967, but al-

leged in new matter that as to the option portion, the agreement was vague, indefinite, ambiguous, and therefore unenforceable. Appellee then moved for, and was granted a judgment on the pleadings.

The option portion of the agreement of January 7, 1967, reads as follows:

"KNOWN as No. 1012 McCoy Road, Kennedy Township, Allegheny County, and having erected thereon a 2 story brick veneer dwelling and detached 2 car garrage. HAVING approximately 148 foot frontage on McCoy Road, the depth is approximately 350 feet to 400 feet, more or less.

For legal description the parcel must be surveyed at the expense of the buyers. Survey is to be in accordance with verbal and wave of hand boundaries heretofore explained and accepted by the buyers.

Buyers have first option to purchase adjoining or remainder of this 2 acre plot to be conveyed, subject to survey, and subject to owner terminating operations on said premises. Purchase price of said option is (FIVE HUNDRED) Dollars ($500.)"

The pleadings for this show that on March 25, 1974, appellants wrote to the appellee stating that they wished to exercise their option and requested a deed to the property. Appellants' letter further stated that a copy of the letter was being sent to appellee's attorney, together with a cashier's check in the amount of $500 as a formal tender of the purchase price provided for in the option. Appellants received a reply from appellee's attorney and a return of the $500 check. Appellee's attorney stated in his letter that he had discussed the matter with appellee, who pointed out that the "operations" referred to in the option agreement had not been terminated.

The trial court concluded that the option language in the agreement was vague, uncertain, and indefinite, and therefore unenforceable, and accordingly, en-

tered judgment on the pleadings. Specifically, the trial court held that the option agreement was unenforceable because it did not provide any time for its acceptance. We cannot agree. The agreement states that the option may be exercised "subject to owner terminating operations on said premises." Although no date or time limit is expressed, as a matter of law, the appellants were entitled to a reasonable time following the termination of operations in which to exercise the option. *Baker v. Brennan*, 419 Pa. 222, 213 A.2d 362 (1965).

■■ The trial court also held that the amount and description of the land was not set forth with sufficient specificity, and was not cured by making it subject to survey. Again, we cannot agree. Read in the context of the agreement, there is no doubt that the land covered by the option is a parcel that adjoins the first parcel conveyed and represents the remainder of the two acre plot. The agreement thus sufficiently described the parcel covered by the option. Although parol evidence may not be admitted to describe the land intended to be sold, parol evidence is admissible to provide an exact description of the land. *Sawert v. Lunt*, 360 Pa. 521, 62 A.2d 34 (1948); *Suchan v. Swope*, 357 Pa. 16, 53 A.2d 116 (1947).

■ The trial court also held that the appellants did not tender the purchase price to the appellee, but rather to the appellee's attorney and that such action did not constitute a sufficient tender. Again, we cannot agree. The complaint alleges that the tender was made to the appellee's attorney and the answer admits the allegation. Appellee was notified that her attorney had been sent the cashier's check and made no objection that this did not constitute a sufficient tender. Had she done so, the appellants could easily have arranged for the check to be forwarded to the appellee. Moreover, appellee's attorney received the check, informed the appellee that he had it,

and returned it with no indication that the appellee had refused to accept the check as a proper tender—the only reason given was that the appellee claimed that operations on the property had not terminated.

■■ The trial court also held that the agreement was unenforceable because it did not describe in detail the "operations" on the land which had to terminate before the option could be exercised. This lack of detail does not render the agreement unenforceable. Parol evidence may be admitted to determine what operations were contemplated. Although the parol evidence rule would bar any parol evidence that would add to or vary the agreement, it is not a rule of interpretation and thus does not bar parol evidence introduced for the purpose of interpreting the ambiguous subject matter of the agreement. *In re Fenstermaker's Estate*, 413 Pa. 645, 198 A. 2d 857 (1964); *Morgan v. Phillips*, 385 Pa. 9, 122 A.2d 73 (1956); Restatement, Contracts § 237, *Comment a* (1932); *See also* Restatement, Contracts, Interpretation, §§ 226-36 (1932). Moreover, if there is any dispute about this, appellant would be entitled to prevail if it were established that "all operations" on the land had terminated, regardless of what the operations were.

■■ The appellee contends that the option is unenforceable because the language, "Purchase price of said option is (FIVE HUNDRED) Dollars ($500.)," is vague. Assuming that the appellee is correct, this does not entitle her to judgment on the pleadings. In the event of a dispute over the meaning of a term in a contract, a party is entitled to submit evidence concerning the proper interpretation under all of the circumstances. *Aughenbaugh v. North American Refractories Co.*, 426 Pa. 211, 231 A.2d 173 (1967).

The Decree of the trial court is vacated and the matter is remanded for trial.   Each party to pay own cost.

JONES, C. J., did not participate in the consideration or decision of this case.

POMEROY, J., concurs in the result.