518 A.2d 558

**Donald V. SNYDER, Appellee,**

v.

**Bert A. BOWEN, Martha Bowen, Donald V. Snyder and Bert Bowen, Partners.**

**Appeal of Bert A. BOWEN.**

Superior Court of Pennsylvania.

Argued June 26, 1986.

Filed Nov. 25, 1986.

48

Jeffrey W. Davis, Harrisburg, for appellant.

Lester Zimmerman, Jr., Lewistown, for appellee.

Before WIEAND, BECK and WATKINS, JJ.

BECK, Judge:

The issue is whether an option clause for the purchase of land contained in a partnership agreement is valid. We find the option is valid and therefore affirm the grant of specific performance by the trial court.

The source of the present litigation is a partnership agreement which Appellant Bert A. Bowen and Appellee Donald V. Snyder entered into in 1969. In essence, each man paid $6,000 to acquire a one-half interest in the part-

nership which held title to slightly more than 1400 acres of unimproved land on Jack's Mountain in Mifflin County. Paragraph 14 of the partnership agreement provides in part:

> One of the parties hereto, DONALD V. SNYDER, his heirs, executors, administrators or trustees shall have the right, privilege and option to purchase any amount of land up to but not exceeding two hundred (200) acres of the real estate as is more fully described in Schedule A. hereto annexed and made a part hereof, for a sum not to exceed one-half of the original purchase price per acre. Said right, privilege and option may be exercised at any time prior to the division of the assets of partnership upon termination or dissolution thereof. Fifteen (15) days prior written notice of the exercise of said right, privilege and option shall be given to the other partner hereto.

When Snyder proposed this provision, Bowen objected on the ground that the rights of both parties should be equal in all respects. Bowen signed the agreement only after Snyder's lawyer added the following language:

> Should the said DONALD V. SNYDER exercise the said right privilege and option then BERT A. BOWEN, his heirs, executors, administrator's or trustees shall have the right, privilege and option to purchase like amount of said land situate on same side of the mountain for a sum not to exceed one-half of the original purchase price per acre.

The option provisions contained no date on which the option expired.

In the years that followed, the partnership land dramatically appreciated in value. Moreover, Snyder and Bowen derived some income from leasing space for communications towers, and leasing oil and gas rights. Each man had equal responsibility for managing the partnership, and profits were distributed equally between both parties.

On October 18, 1982, Snyder gave formal notice to Bowen that he was exercising his option. Snyder claimed the two

most valuable portions of the realty on Jack's Mountain: (1) a plot of slightly less than 6 acres leased for communications towers and worth an estimated $3,107 per acre, and (2) a plot of slightly more than 194 acres with especially favorable terrain worth an estimated $800 to $1000 per acre. In contrast, the remaining land had an estimated value of not much over $150 per acre. Rather than exercising his own option, Bowen refused to honor Paragraph 14 of the partnership agreement. The partnership was subsequently dissolved by mutual assent of the parties.

Prior to the dissolution of the partnership, Snyder brought an action against Bowen and the partnership for specific performance, which the court granted.[1] In considering the court's order, we bear in mind that specific performance is a unique remedy which is usually unavailable where an award of damages for breach of contract would be appropriate. *Cimina v. Bronich*, 349 Pa.Super. 399, 503 A.2d 427 (1985). *Clark v. Pennsylvania State Police*, 496 Pa. 310, 313, 436 A.2d 1383, 1385 (1981) holds that "(s)pecific performance should only be granted where the facts clearly establish the plaintiff's right thereto, where no adequate remedy at law exists, and where justice requires it." Since Snyder seeks to enforce a contract to transfer land, we can assume that he has no adequate remedy at law. See 81 C.J.S. Specific Performance § 76 (1977). The other two elements of the *Clark* standard require closer analysis of the facts in the case sub judice.

## I.

Snyder's right to specific performance is clearly supported by the partnership agreement. As the court below found, the meaning of the agreement is clear and the agreement entitled Snyder to purchase 200 acres.

Nevertheless, this case is complicated by the fact that Snyder waited from 1969 to 1982 before giving notice

---

1. Bert A. Bowen ("Bowen") and Donald V. Snyder are the true parties in interest in this litigation. The court dismissed Snyder's complaint as to Bert A. Bowen's wife, Martha Bowen.

that he was exercising his option under the partnership agreement. An option does not exist in perpetuity and Snyder can prevail on his claim only if his option did not expire.[2] Where, as here, the option agreement does not specify a particular number of years during which the option will remain open, a court must restrict the life of the option to "within a reasonable time." *Baker v. Brennan,* 419 Pa. 222, 228, 213 A.2d 362, 365 (1965). What constitutes a reasonable time depends on the particular circumstances of each individual case. *Barr v. Deiter,* 190 Pa.Super. 454, 460, 154 A.2d 290, 293 (1959). Compare *Trapuzzano v. Lorish,* 467 Pa. 27, 354 A.2d 534 (1976) (7 years reasonable) with *New Eastwick Corp. v. Philadelphia Builders Eastwick Corp.,* 430 Pa. 46, 241 A.2d 766 (1968) (dictum) (4 years unreasonable); *Baker v. Brennan, supra,* (9 years unreasonable); *Barr v. Deiter, supra,* (15 years unreasonable). *See generally* Annotation, *Timeliness of Notice of Exercise of Option to Purchase Realty,* 87 A.L.R.3d 805 (1978).

 Under the facts of this case, we find that the 13 years that elapsed, from 1969 to 1982, before Snyder exercised his option was not an unreasonably long time period. We reach this conclusion based on the Snyder-Bowen partnership agreement. This agreement placed Bowen in a position different from that of the typical landowner who grants another an option to buy his property.

An option is a substantial interest in land from the time it is first created to the time it is exercised. *Phoenixville V.F. & S.E. Ry Co.'s Appeal,* 70 Pa.Super. 391, 396 (1918). An optioner significantly limits his control of his real estate in granting an option to an optionee. It may well be impossible for the optioner to find anyone willing to buy his land burdened with an enforceable option agreement. Even an effort to lease or improve the land may result in a legal challenge by the optionee. *See* 1 Samuel A. Goldberg,

---

**2.** Bowen did not argue on appeal that Snyder abandoned his option or that the option expired. We consider his matter only in order to address Bowen's argument that the court below abused its discretion in granting specific performance.

SALES OF REAL PROPERTY 24-25 (1971).[3] Therefore, an option agreement may restrict the use of the land, and most importantly it may restrict the alienability of the land.

In the instant case the partnership agreement itself, and not the option, restricted the partners control over the land. Neither party's right to control the property was circumscribed by the existence of the option itself. The partnership agreement provided that both parties have an equal voice in the management of partnership property. Therefore, in the absence of the option provision, neither party could take any action affecting the land without the other's approval. In contrast, in an option agreement between a buyer and seller or a lessor and lessee, the option agreement itself limits the optionor's control over the land. Thus, it is reasonable to allow Snyder's option to continue in force for a longer period because it was not the primary instrument by which use of the land could be controlled.

It is also significant that the partnership agreement provided that the exercise of Snyder's option would give rise to a parallel option in favor of Bowen. In a single option contract, it is apparent from the outset that the longer the option lasts, the more the contract favors the optionee. Consequently, it is often reasonable to assume that the optionor intended to limit the life of the option to a shorter period of time than in the context of a partnership where the parties have provided for mutual options.

In the instant case the longer the period during which Snyder's option was valid, the longer the period during which Bowen's option remained valid. The court will not rewrite the partnership agreement because Snyder's option proved to be considerable more valuable than Bowen's option. Bowen initially believed that he had struck an effective bargain. *See Steuart v. McChesney,* 498 Pa. 45, 444 A.2d 659 (1982).

3. The precise scope of the optionee's right to control the optioner's land under Pennsylvania law is not clear. On the question of an optioner's liability to an optionee for waste, see *Walsh v. Power,* 76 Pa.D. & C. 108 (C.P. Delaware County 1951).

In summary, we conclude that Snyder had a contractual right to 200 acres of land at the time he exercised his option in 1982. We now move on to consider whether the court's means of enforcing this right offends the interests of justice.

## II.

In appellant's brief, he contends that specific performance is inequitable for three reasons. First, Snyder's 200 acres greatly appreciated in value between 1969 and 1982. Second, during those years, Bowen devoted time and money toward developing property for sale through the partnership. Third, Bowen was allegedly misled by Snyder's attorney at the time he consented to Snyder's option. These arguments do not persuade us that the trial court abused its discretion.

A court of equity should refrain from ordering specific performance where "it appears that hardship or injustice will result to either of the parties." *Welsh v. Ford,* 282 Pa. 96, 99, 127 A. 431, 432 (1925). The word "hardship," however, does not encompass every disappointment and economic detriment to which a party has exposed himself by signing an agreement. *See Steuart, supra.* "Equity cannot contract for the parties. It is only where circumstances come to light which so shock the concept of fairness and justice that it would be unconscionable to enforce the bargain that Equity intervenes." *DiPompeo v. Preston,* 385 Pa. 512, 518, 123 A.2d 671, 674 (1956). The concerns of appellant do not rise to this level.

It is true that Snyder's exercise of his option reduced the value of Bowen's interest in the partnership. Snyder, however, will not be denied specific performance because he struck a better bargain under the agreement than his partner Bowen.[4] In *Steuart, supra,* the Court found that

4. In *Payne v. Clark,* 409 Pa. 557, 561, 187 A.2d 769, 771 (1963), the court stated that "mere inadequacy of price *unless grossly disproportionate,* will not defeat specific performance." (Emphasis added). Elsewhere, the Court has simply said that inadequacy of consideration

specific relief was appropriate where appellant had contracted to sell a house for under $8000 and the value of the house increased to between $30,000 and $50,000. Specific relief is equally fitting in the present case.

█ It is also true that Bowen helped manage the partnership land holdings in the years before Snyder's option was exercised. Managing property in such a way as to increase its value is perhaps analagous to building physical improvements on the property that increase its value—a factor that courts take into account in deciding if specific performance is equitable. *See Barr v. Deiter, supra.* Yet, here, the balance of equities shifts in favor of Snyder rather than Bowen. It appears that Bowen has already been amply compensated for his contributions to the partnership. Bowen initially invested $6000—less than $4.50 per acre of partnership land. During the life of the partnership, he received income from communication tower leases, and oil and gas leases. Upon dissolution of the partnership, he was entitled to half of the sale price of 1000 acres of land worth an estimated $150 per acre. He also had an option to purchase an additional 200 acres of land at the same price Snyder paid for his 200 acres. As the chancellor remarked, "both ... parties stand to reap substantial financial gains from this venture." Trial Court Op. at 3. Consequently, we cannot say that specific performance would work a genuine hardship.

█ Appellant's remaining argument also lacks merit. Although Bowen alleges improper conduct on the part of Snyder's attorney, the court found no impropriety in counsel's action. The court also found that Bowen was fully aware of the meaning of the partnership agreement when he signed it. These findings are supported by the record and are therefore binding on this court *Rupniewski v.*

alone will not defeat specific performance. *Welsh v. Ford,* supra, 282 Pa. at 99, 127 A. at 432 cited in *Steuart, supra,* 498 Pa. at 54, 444 A.2d at 664.

*Miazga,* 299 Pa. 190, 149 A. 193 (1930); *Steuart, supra,* 498 Pa. at 55, 444 A.2d at 664.

Order affirmed.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I concur in the result. In my judgment, however, the terms of the agreement define expressly and specifically the time within which the option can be exercised. The agreement provides: "Said right, privilege and option may be exercised at any time prior to the division of the assets of partnership upon termination or dissolution thereof." In view of this language of the agreement, I would find it unnecessary to determine whether thirteen years was a reasonable or unreasonable time within which to exercise the option. It is enough that the option was exercised within the time contemplated by the parties' agreement. I agree also with the majority that the increase in value during the thirteen year period in which the parties were partners and worked together to enhance the value of their land does not alone render the option unenforceable.