Agnew, Appellants, *v.* Southern Avenue Land Company.

*Equity—Specific performance—Vendor and vendee—Description of land.*

A chancellor can only enforce an agreement specifically where the parties have agreed definitely on all its terms, and left nothing to the future but mere performance.

An agreement to convey a lot of ground cannot be specifically enforced, where the agreement fails to identify the land in question either in terms or by reference to an existing plan, but merely says, " the size of the lot of ground secured or intended to be secured by the purchaser to be determined hereafter, and to conform to the general plan regarding the convenience and economy hereafter to be laid out and established ; " and this is the case although the lot is further referred as the piece of ground on which the purchaser now resides.

Argued Oct. 28, 1902. Appeal, No. 68, Oct. T., 1902, by plaintiff, from decree of C. P. No. 1, Allegheny Co., Sept. T., 1901, No. 539, dismissing bill in equity in case of John C. Agnew and Viola R. Agnew, his Wife, in right of said Viola R. Agnew, v. Southern Avenue Land Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for a specific performance.

Demurrer to bill. Before BROWN, J.

The memorandum in writing upon which the bill was based was as follows :

" Now, to wit: January 29, A. D. 1897, I, J. P. Hunter, acknowledge that I have made the following arrangement with Mr. F. I. Gosser in relation to the Southern Avenue Land Co., to wit :

" That the said John C. Agnew and Viola, his wife, being corporators in said intended corporation, and the said parties now living in a house on a portion of said premises, it has been agreed that upon the organization of said company, that the said Mrs. Agnew to have the right and preference in securing title in fee simple, and free from all incumbrances, with the consent of mortgagee, to said piece of ground upon which she now resides.

" This to be secured by means of an appraisement, if need be, by the intervention of three disinterested and impartial appraisers, whose award shall be final, the said Mrs. Agnew to make payment for the same out of stock of the Southern Avenue Land Company. The size of the lot of ground secured, or intended to be secured, by Mrs. Agnew, to be determined hereafter, and to conform to the general plan regarding the convenience and economy, hereafter to be laid out and established."

The court sustained the demurrer and dismissed the bill.

*Error assigned* was in dismissing the bill.

*William A. Sipe*, with him *Frank R. Agnew*, for appellants, cited: Smith & Fleek's App., 69 Pa. 474; Troup v. Troup, 87 Pa. 149; Phillips v. Swank, 120 Pa. 76.

*S. Schoyer, Jr.*, for appellee, was not heard, but cited in his printed brief: Andrews v. Bell, 56 Pa. 343; Bosschardt & Wilson Co. v. Crescent Oil Co., 171 Pa. 109; Mellon v. Davison, 123 Pa. 298.

OPINION BY MR. JUSTICE MITCHELL, November 10, 1902:

The memorandum in writing on which appellant's bill is founded is unfortunately wanting in that complete and definite character which is necessary to enable a court of equity to decree specific performance. The bill supplements the memorandum by describing the land as " lot No. 1, in a plan since laid out by the defendant company of record, etc., setting out the metes and bounds." It may be conceded that if the memorandum itself had so described it, the court might have resorted to the extrinsic evidence of the plan to identify the subject-matter. But the bill

only expresses what the plaintiff desires the° contract to mean. The memorandum itself not only fails to identify the land in question either in terms or by reference to an existing plan, but it shows affirmatively that the precise size, location and boundaries of the intended purchase were left to future agreement or determination. The decisive language is, " The size of the lot of ground secured or intended to be secured by Mrs. Agnew to be determined hereafter, and to conform to the general plan regarding the convenience and economy, hereafter to be laid out and established."

The definite terms of the contract were thus expressly left for the future action of the parties. A refusal to perform may make a party liable for damages, but does not subject him to the obligation of specific performance. A chancellor can only enforce an agreement specifically where the parties have agreed definitely on all its terms, and left nothing to the future but bare performance.

Decree affirmed.