Payne *v.* Clark, Appellant.

Argued October 8, 1962.  Before BELL, C. J., MUS-
MANNO, JONES, EAGEN and KEIM, JJ.

reargument refused February 13, 1963.

*Wendell G. Freeland,* with him *Jones, Smith &
Freeland,* for appellant.

*Donald C. Bush,* with him *Griggs, Moreland, Blair
& Douglass,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 8, 1963:

This action in equity seeks specific performance of
a written contract to sell improved real estate.  After

hearing, the chancellor in the court below entered a decree nisi, directing consummation of the agreement. Exceptions to the decree nisi were dismissed and this appeal followed.

The only contention of the appellant on appeal is that the contract was so one-sided and unconscionable that equity should refuse to enforce it. This is based upon the sole ground that the agreed upon consideration is inadequate. This position is without legal merit.

The facts are as follows:

Sherman and Freda Clark, husband and wife, purchased the subject property on November 26, 1952, for $6500. Two mortgages were recorded against the property, one in the amount of $3500 in favor of the Homewood Savings & Loan Association of Pittsburgh; a second mortgage in favor of the sellers in the amount of $1500.

Before the date of purchase, specifically on November 7, 1952, the Clarks executed a written agreement wherein it was recited that they had entered into arrangements to purchase the property, and clearly and definitely giving the appellee, Catherine Payne (Payne), an option to buy the property from the Clarks within a period of twelve years, and also the right to enjoy immediate possession of three rooms in the building on the premises. In consideration for the agreement, Payne (1) immediately paid the Clarks the sum of $500; (2) agreed to pay $45 each month for the right to enjoy possession of a portion of the premises; (3) agreed to pay the further sum of $1000 upon the exercise of the option and deliverance of the deed; and, (4) agreed to assume the obligation of paying any balances then due upon the mortgages before described. This agreement was recorded on June 10, 1958.

From December 1952 to the present date, Payne paid the sum of $45 monthly as agreed. Until Octo-

ber 1958, these payments were made directly to the first mortgagee and covered the monthly payment due on the mortgage, apportioned towards principal, interest, insurance and taxes. In October 1958, Freda Clark, whose husband had died on August 27, 1956, requested that future payments be made directly to her. Up to the date of trial, these payments totaled the sum of $4365. During the same period, although not legally obligated then to do so, Payne also paid a major portion of the sum due under the second mortgage originally given by the Clarks to the sellers of the property.[1] In addition, she paid sums necessary to repair and maintain the property.

In June 1958, Payne exercised her option to purchase, offered to pay the sum of $1000 to Freda Clark, and agreed to assume the balance then due on the Homewood Savings & Loan Association mortgage in the amount of $1283.42. When Freda Clark reneged, this suit ensued.

All of the above facts were found by the chancellor, and counsel for the appellant frankly admits that there is ample testimony in the record to support the findings. A son of the appellant has filed an independent brief with this Court, wherein he questions the truthfulness of the testimony offered on behalf of the appellee, but needless to say, this question is beyond our function. A chancellor's findings of fact, based upon adequate evidence, which are approved by the court en banc, have the force and effect of a jury's verdict and will not be disturbed on appeal: *Shydlinski v. Vogt*, 406 Pa. 534, 179 A. 2d 240 (1962). Therefore, the only question presently for decision is whether or not the contract is so unconscionable that equity should refuse to decree performance.

---

[1] Receipts were produced showing payments in the sum of $597.97.

From the moment an agreement of sale of real estate is executed and delivered it vests in the grantee what is known as an equitable title to the real estate. See, Ladner on Conveyancing in Pennsylvania, §5:26 (3d ed. 1961). Thereupon the vendor is considered as a trustee of the real estate for the purchaser and the latter becomes a trustee of the balance of the purchase money for the seller: *Kerr v. Day,* 14 Pa. 112 (1850). Hence, if the terms of the agreement are violated by the vendor, the vendee may go into a court of equity seeking to enforce the contract and to compel specific performance: *Borie v. Satterthwaite,* 180 Pa. 542, 37 A. 102 (1897); and *Agnew v. Southern Ave. Land Co.,* 204 Pa. 192, 53 A. 752 (1902). While the courts of equity have the power to grant specific performance, the exercise of the power is discretionary. In other words, such a decree is of grace and not of right: *Mrahunec v. Fausti,* 385 Pa. 64, 121 A. 2d 878 (1956). It should only be granted where the facts clearly establish the plaintiff's right thereto; where no adequate remedy at law exists; and, where the chancellor believes that justice requires it: *Roth v. Hartl,* 365 Pa. 428, 75 A. 2d 583 (1950) and *Mrahunec v. Fausti,* supra.

Inequity or hardship may be a valid defense in an action for specific performance, and such decree refused if in the exercise of a sound discretion it is determined that, under the facts, specific performance would be contrary to equity and justice: *Barr v. Deiter,* 190 Pa. Superior Ct. 454, 154 A. 2d 290 (1959) and *Merritz v. Circelli,* 361 Pa. 239, 64 A. 2d 796 (1949). However, inequity or hardship is not a valid defense if the hardship is due to the defendant's own acts or to events clearly foreseeable: *Kramer v. Dinsmore,* 152 Pa. 264, 25 A. 789 (1893). Moreover, mere inadequacy of price, unless grossly disproportionate, will not defeat specific performance. *Borie v. Satterthwaite,* su-

pra; *Welsh v. Ford,* 282 Pa. 96, 127 A. 431 (1925); *Orr's Estate,* 283 Pa. 476, 129 A. 565 (1925); *Oreovecz v. Merics,* 382 Pa. 56, 114 A. 2d 126 (1955).

A careful evaluation of all of the circumstances this record presents leads to the conclusion that the chancellor properly decreed specific performance in this case.

Decree affirmed, each side to pay own costs.

Mr. Justice O'BRIEN took no part in the consideration or decision of this case.