**Julio PEREZ**

v.

**Mendelson ANDERSON and David Novick.**

Misc. No. 88–558.
Bankruptcy No. 87–01533F.
Adv. No. 88–0637F.

United States District Court,
E.D. Pennsylvania.

March 27, 1989.

David A. Searles, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

## ORDER

LOWELL A. REED, Jr., District Judge.

AND NOW, to wit, this 27th day of March, 1989, upon consideration of the motion for entry of default judgment of plaintiff and the affidavits attached thereto, the Proposed Findings of Fact and Conclusions of Law filed by Bankruptcy Judge Bruce I. Fox pursuant to 28 U.S.C. § 157(c)(1), and the entire record, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On May 18, 1988, plaintiff Julio Perez filed a complaint arising out of a sale and mortgage transaction dated May 19, 1983 naming as defendants the seller Mendelson Anderson and his agent David Novick.

2. The complaint requested relief under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, the Pennsylvania Unfair Trade Practices Law, 73 P.S. § 201–1 *et seq.* and specific performance of the agreement of sale of the property located at 213 East Cambria Street, Philadelphia County, Pennsylvania.

3. The complaint and summons and notice of trial were served upon defendants by first class mail on May 31, 1988. Defendants' answers were due by June 20, 1988.

4. Defendants have not filed an answer or otherwise responded or appeared in this action.

5. On August 2, 1988, plaintiff filed a motion for entry of default judgment together with a supporting declaration and a certification that defendants are not in the military service.

6. Based upon the well-pleaded allegations contained in his complaint and motion for entry of default judgment, which allegations are adopted herewith as the factual findings of the Court, plaintiff was the victim of a number of unfair and deceptive acts and practices including (a) the defendants' breach of contract; (b) defendants' failure to pay real estate taxes and water/sewer rents; (c) defendants' failure to schedule settlement; (d) failure of defendants to provide the disclosures required by the Truth in Lending Act.

### CONCLUSIONS OF LAW

1. The factual allegations of the complaint except those relating to the amount of damages are deemed admitted and are taken as true by the failure of defendants to answer. *See* C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688; *Fed.R.Civ.P.* 8(d).

2. Defendant Mendelson Anderson violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* by failing to provide the required disclosures of credit terms in the course of the May 19, 1983 transaction. Plaintiff is therefore entitled to a recoupment of $1,000.00 against the amount owing on the agreement of sale, as well as costs and a reasonable attorney's fee, 15 U.S.C. § 1640.

3. The actions of defendants as described above in the Findings of Fact are in breach of the agreement of sale between the parties. The breach of defendants of the agreement of sale of real property entitles plaintiff to compel specific performance of the agreement. *Payne v. Clark,* 409 Pa. 557, 187 A.2d 769, 770 (1963).

4. The actions of defendants as described above in the Findings of Fact constitute unfair and deceptive acts and practices in violation of the Pennsylvania Unfair Trade Practices Law, 73 P.S.

§ 201–2(4)(xvii). Such violation entitles plaintiff to up to three times the actual damages sustained or $100.00, whichever is greater. 73 P.S. § 201–9.2. Because an award of specific performance of the agreement of sale will place plaintiff in the position he would have been in had defendants tendered performance of the contract, plaintiff has not suffered any actual damages and therefore is only entitled to an award of $100 for such violation.

In view of the foregoing Findings of Fact and Conclusions of Law it is hereby ORDERED and DECREED that:

1. Judgment is entered in favor of plaintiff Julio Perez and against the defendants Mendelson Anderson and David Novick jointly and severally.

2. On or before April 26, 1989, defendants Anderson and Novick shall pay to the City of Philadelphia all outstanding and unpaid real estate taxes and water/sewer rents on the real property known as 213 East Cambria Street, Philadelphia County, Pennsylvania due as of the date of this order.

3. Judgment is entered against defendants jointly and severally in the amount of $100.00 under 73 P.S. § 201–9.2.

4. Judgment is entered against defendants jointly and severally in the amount of $1,000.00 under the Truth in Lending Act, 15 U.S.C. § 1640 as a set-off against any monies owed by plaintiff to defendants under the agreement of sale.

5. Plaintiff is entitled to costs and a reasonable attorney's fee, pursuant to 15 U.S.C. § 1640 and 73 P.S. § 201–9.2. Plaintiff's counsel shall file a motion requesting fees and costs within thirty (30) days of the date of this order, giving due notice to defendants of such motion.

6. An order divesting title of defendants to the real property known as 213 East Cambria Street, Philadelphia County, Pennsylvania, and vesting title in plaintiff shall be entered this day.