587 A.2d 1389

**Kenneth E. ECKMAN and West Yellow Knife Trading Company, Inc., Appellants,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF GENERAL SERVICES, Respondent.**

Supreme Court of Pennsylvania.

Argued May 7, 1990.

Decided April 2, 1991.

Philip B. Friedman, Erie, for appellants.

Michael B. Sutton, Deputy Atty. Gen., for respondent.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

624

## ORDER

PER CURIAM:

Order affirmed.

PAPADAKOS, J., files a dissenting opinion in which LARSEN, J., joins.

ZAPPALA, J., dissents.

PAPADAKOS, Justice, dissenting.

I dissent from the majority's per curiam affirmance of the Commonwealth Court's resolution of the instant matter. In my opinion, the Commonwealth Court was incorrect in their conclusion that specific performance of a real estate contract against a public body is generally not appropriate. I would remand this matter to the Commonwealth Court to consider the appropriateness of specific performance here in spite of the fact that Appellee happens to be a public body.

Appellants invoked the original jurisdiction of the Commonwealth Court under the following circumstances. Appellants entered a bid to purchase surplus state land and Appellee–Seller, the Department of General Services, accepted the bid. Appellants executed a purchase agreement or land sales contract that provided that the deed to follow would reserve oil, gas and mineral rights to the Seller, the Department of General Services. The draft deed later forwarded to Appellants contained a clause reserving more extensive right to Seller than those expressly stated to be reserved in the purchase agreement, and Appellants refused to execute the draft deed. Instead, they filed a petition with the Commonwealth Court seeking a decree of specific performance that would direct Seller, the Department of General Services, to transfer the land pursuant to the original terms of the Purchase Agreement. The Commonwealth Court granted the Department of General Services' preliminary objections and dismissed the case. They relied on two decisions of this Court, *Xpress Truck Lines v. Pa. Liquor Control Board,* 503 Pa. 399, 469 A.2d 1000 (1983), and *Ezy Parks v. Larson,* 499 Pa. 615, 454 A.2d 928

(1982), as standing for the proposition that specific performance generally is not an appropriate remedy for breach of contract by a public body. Neither case is applicable to a real estate land sale contract, however. In *Xpress Truck Lines, Inc., supra*, this Court held that there had been no showing that an award of monetary damages would be inadequate in a suit for specific performance of an alleged contract between a successful bidder for delivery services and the Liquor Control Board. Hence, we held that jurisdiction lay with the Board of Claims. In *Ezy Parks*, we held that certain lessees had an adequate and exclusive remedy at law for alleged wrongful termination of leases by the State Department of Transportation.

Traditional black letter law has always taken the position that money damages are seldom adequate when a seller breaches a land sales contract because land is unique. Hence, an aggrieved real estate buyer can usually insist on specific performance of the purchase agreement if the equities are otherwise in his favor. See, *Payne v. Clark*, 409 Pa. 557, 187 A.2d 769 (1963), 71 Am.Jur.2d, Specific Performance, § 112, and compare *Petry v. Tanglewood Lakes, Inc.*, 514 Pa. 51, 522 A.2d 1053 (1987). I see no good reason to depart from these sound principles just because the Seller happens to be a government agency and no such reason has been offered.

LARSEN, J., joins this dissenting opinion.