# Binswanger of Pa. Inc. v. TSG Real Estate LLC

*Jessica Priselac, Joseph Jesiolowski* and *Michael S. Zullo*, for plaintiff.

*Michael J. Barrie* and *Jennifer R. Hoover*, for defendant.

MCINERNEY, *J.*, June 10, 2015—Presently before the court are cross motions for summary judgment. The plaintiff Binswanger of Pennsylvania, Inc. ("Binswanger") is a licensed broker to sell property in Philadelphia. Defendant TSG Real Estate, LLC ("TSG") is the owner of property located at 1400 Welsh Road, North Wales, Pennsylvania listed for sale and subject of this suit ("the property").

Exclusive Right to Sell or Lease Agreement

On September 20, 2013, Jack E. Rosenstein ("Rosenstein"), Vice President of TSG, informed Frank Cullen ("Cullen"), President of Binswanger, that he wanted to hire Binswanger as its real estate broker to sell the property. Before retaining Binswanger, New Hart Corporation d/b/a Hart Corporation ("Hart") represented TSG with respect to the property. TSG sought to retain Binswanger since its agreement with Hart was about to expire. On September 18, 2013 two days before TSG informed Binswanger of its decision to hire them, TSG received an offer on the property from Jerry McBride and TWA Holdings, Inc. As a result of said offer, Rosenstein informed Cullen that any agreement must exclude certain buyers that already offered on the property.

On September 27, 2013, Binswanger entered into the Exclusive Right to Sell or Lease Agreement ("exclusive broker agreement") with TSG for the property located at 1400 Welsh Road, North Wales, Pennsylvania 19454. The exclusive broker agreement provided in pertinent part as follows:

> ...Except with respect to any transaction, sale or exchange involving the Excluded Entities, Agent is hereby given the sole and exclusive right to list and offer for sale and lease for Owner's account the land and buildings owned by Owner situated in NORTH WALES, PENNSYLVANIA...provided that Agent agrees by listing and otherwise, to use its best efforts to sell and lease the Property until this Agreement is terminated as herein provided.

EXCEPT WITH RESPECT TO THE EXCLUDED ENTITIES, IF THE PROPERTY, OR ANY PART THEREOF, IS SOLD OR LEASED, OR IF A PURCHASER OR TENANT WILLING TO BUY OR LEASE ON TERMS SATISFACTORY TO OWNER IS PROCURED PRIOR TO THE TERMINATION AS HEREINAFTER SET FORTH), NO MATTER BY WHOMSOEVER THE PROPERTY MAY BE SOLD, TRANSFERRED, CONVEYED, EXCHANGED OR LEASED OR SUCH PURCHASER OR TENANT PROCURED, WHETHER BY AGENT OR BY OWNER DIRECTLY OR BY ANY OTHER ENTITY WHATSOEVER, THEN, IN ANY SUCH EVENT, OWNER AGREES THAT AGENT SHALL HAVE EARNED A COMMISSION AND OWNER AGREES TO PAY TO AGENT A SALE OR LEASE COMMISSION AS FOLLOWS....

The Excluded Entities referred to in the exclusive broker agreement are identified as Ancillare, Inc., TWA Holdings, LLC, and Jerry McBride, or any other entity owned by, controlled by or associated with them. As it pertains to the excluded entities, the exclusive broker agreement carved out a period of time wherein commissions would not be due and owing to Binswanger ("carve out period"). Specifically, the exclusive broker agreement provided as follows:

Notwithstanding anything in this Agreement to the contrary, a commission shall not be earned by, or be payable to, Agent in connection with:...

(c) sales, exchanges, or other transfers to Ancillare, Inc., TWA Holdings, LLC, Jerry McBride, or any other entity owned by, or associated with any of the foregoing

(the "*Excluded Entities*"), to the extent that such sale, exchange or transfer is completed on or before January 5, 2014.

Hence, Binswanger would not be entitled to a commission if the sale, exchange or transfer was completed on or before January 5, 2014. The exclusive broker agreement was for a term of one (1) year. TSG had the right to terminate the agreement after six (6) months with thirty (30) days prior written notice to Binswanger at TSG's sole or absolute discretion.

Agreement of Sale between TSG and TWA Holdings Inc.

On January 3, 2014, TSG and TWA Holdings, Inc. ("TWA") executed an Agreement of Sale for the Welsh Road property, two days before the expiration of the carve out period. The Agreement of Sale identified April 10, 2014 as the settlement date whereupon legal title to the property would pass. The Agreement also required the satisfaction of certain conditions precedent prior to settlement. The sale was conditioned upon TWA obtaining a mortgage within sixty (60) days from the signing of the Agreement of Sale. TWA was required to obtain a mortgage commitment at no greater than seven percent (7%) and with an amortization period of twenty (20) years in the aggregate of no less than Two Million Dollars ($2,000,000.00) based on the property being the sole collateral. Additionally, per the Agreement, TWA was required to apply for a mortgage in writing to a responsible mortgage lending institution within fifteen (15) days after execution of the agreement. The Agreement did not foreclose TSG from continuing to market the property to any prospective buyers during the sixty (60) day due diligence period.

Upon learning of the Agreement of Sale, Binswanger requested TSG to pay the commission per the exclusive brokerage agreement since the sale, exchange or transaction was not completed during the carve out period. TSG refused to pay Binswanger a commission claiming the Agreement of Sale completed the sale, exchange or transaction prior to the expiration of the carve out period and no commission was due. On January 16, 2014, TSG exercised its option and terminated the exclusive broker agreement effective March 26, 2014.

On February 4, 2014, Binswanger filed a commercial real estate broker's lien against the property in the Court of Common Pleas of Montgomery County. On March 25, 2014, TSG commenced a proceeding to strike the Binswanger Lien by filing a Petition to Strike off Security improperly filed. In response, Binswanger withdrew the lien.

On February 10, 2014, Binswanger commenced this action by filing a complaint. An amended complaint was filed asserting causes of action for declaratory relief, breach of contract and breach of the duty of good faith and fair dealing. Binswanger alleges it is entitled to a commission equal to $170,000.00 which is five percent of the $3.4 million sale price for the property. TSG filed a counterclaim seeking declaration that it was not required to pay a commission. On April 24, 2014, the sale of the property to TWA was completed and TSG transferred the property's deed to TWA.

## DISCUSSION

A. Binswanger is owed a commission since execution of the Agreement of Sale was not a complete sale, exchange or transaction.

A broker's right to a commission is a matter of contract, whether express or implied.[1] Binswanger argues it is entitled to a commission on the sale of the property because the sale, exchange or transfer was completed after expiration of the carve out period. TSG, on the other hand, argues that a fully executed agreement of sale constitutes a completed sale, exchange or transaction and no commission is due Binswanger since the agreement of sale was executed prior to the expiration of the carve out period. A careful review of the exclusive broker agreement executed by Binswanger and TSG and the Agreement of Sale executed by TSG and TWA as well as the applicable law demonstrates that execution of the Agreement of Sale on January 3, 2014 did not constitute a completed sale, exchange or transfer and therefore a commission is due Binswanger.

The longstanding precedent in this Commonwealth provides that from the moment an agreement of sale for real estate is executed and delivered, it vests in the purchaser equitable title to the real estate.[2] The seller is considered a trustee of the real estate for the purchaser and the latter becomes a trustee of the balance of the purchase money for the seller. The seller's title which he retains until final conveyance is but a security title and the risk of loss or advantage is borne by the buyer.[3] This notion of transferring equitable title at the execution of the agreement of sale applies only to the parties to the contract, i.e. the agreement of sale, and cannot be extended so as to affect the interests

1. *Coldwell Banker Phyllis Rubin Real Estate v. Romano*, 422 Pa. Super. 319, 325, 619 A.2d 376, 379 (1993), citing *Solis-Cohen v. Phoenix Mutual Life Ins. Co.*, 413 Pa. 633, 198 A.2d. 554 (1964).
2. *Payne v. Clark*, 409 Pa. 557, 561, 187 A.2d 769, 770 (1963).
3. *Id.*

of others.[4] Moreover, equitable title is transferred only when the contract for the sale of land is free from conditions which are beyond the control of the parties.[5]

TSG argues emphatically that because equitable title passes at the signing of the agreement of sale, the sale, exchange or transaction is complete and therefore no commission is due Binswanger. However, this reasoning is misplaced for two reasons. First, the Agreement of Sale contains a mortgage contingency. Applying and procuring a mortgage is beyond the control of TSG and TWA. As such, equitable title did not transfer at the time the Agreement of Sale was executed and therefore the sale, exchange or transaction for the property was not complete prior to the termination of the carve out period as required by the broker agreement.[6] Secondly, the rights and obligations of TSG and TWA, those with an interest in the property, are not in issue. Here, the rights and obligations at issue do not involve the subject real estate and the applicable agreement of sale. Instead, the rights and obligations at issue are those pertaining to the exclusive broker agreement between Binswanger and TSG, a third party transaction unrelated to the Agreement of

4. *Dubin Paper Co., v. Insurance Co. of North America*, 361 Pa. 68, 63 A.2d 85 (1949).

5. *Bauer v. Hill*, 267 Pa. 559, 562, 110 A. 346, 347 (1920). *See also, In re Governor Mifflin Joint School Authority*, 401 Pa. 387, 164 A.2d 221 (1960)(equitable conversion was said not to have taken place where the land purchase agreement was conditioned upon the passage of certain zoning changes).

6. The Agreement of Sale provides "Seller shall have the right to continue to market the Property to prospective buyers during the Due Diligence Period, but shall have no right to terminate this Agreement as set forth herein." In accordance to this provision, the agreement remained conditional until the passage of the due diligence period, which was after the carve out period contained within the Exclusive Agreement to Sell or Lease. *See*, Agreement of Sale Article Due Diligence Period section (d).

Sale. Based on the foregoing, the court finds that since the executed Agreement of Sale was a conditional agreement and was not a completed sale, exchange or transaction at the time of its execution, and since the sale, exchange or transaction was completed after the expiration of the carve out period, Binswanger is due a commission for the sale of the property.

B. TSG's termination of the Agreement of Sale was not effective.

In the alternative, TSG argues that no commission is due to Binswanger because title to the property passed after the exclusive broker agreement terminated. This argument is not persuasive.[7] The exclusive broker agreement provides as follows:

This Agreement shall be for a term of one (1) year, beginning from the date set forth above; provided, however, that Owner shall have the right to cancel this Agreement after six (6) months with thirty (30) days prior written notice to agent.

The term of the exclusive broker agreement began on September 27, 2013. The exclusive broker agreement unambiguously prohibits cancellation of the agreement until after six months from the date it commenced. Since TSG forwarded notices of termination on January 16, 2014 and February 14, 2014, the notices of termination were ineffective. Even assuming that Binswanger was on notice of TSG's intent to terminate the exclusive

---

7. Moreover, a commission is due notwithstanding any efforts by TSG's to terminate the exclusive broker agreement since the Agreement of Sale, although conditional, was signed during the term of the agreement.

broker agreement, the earliest date the termination would be effective was after March 28, 2014. Based on the foregoing, the court finds that the efforts made by TSG to terminate the exclusive broker agreement are ineffective and invalid and a commission is due and owing to Binswanger.[8]

Although Binswanger is entitled to a commission under the exclusive brokerage agreement, it is not entitled to the full commission, $170,000.00. The exclusive brokerage agreement provides in part as follows:

> ...In the event a purchaser or tenant is procured by another broker other than Agent, Agent agrees to split any sale or lease commission with the other broker.

Here, it is clear from the record that TWA was not procured by Binswanger. As such, pursuant to the terms of the agreement, the commission should be split between Binswanger and the other two brokers involved in the transaction.[9]

## CONCLUSION

For the foregoing reasons, the parties' respective motions for summary judgment are granted in part and denied in part as follows: Plaintiff Binswanger of Pennsylvania's Motion for Summary Judgment is granted in part and Binswanger is entitled to a commission per the exclusive broker agreement. Defendant TSG Real Estate

---

8. As for plaintiff's remaining claims of breach of the duty of good faith and fair dealing, it is unnecessary to address plaintiff's same since it was pled as an alternative cause of action to the claims for declaratory judgment and breach of contract.

9. The Agreement of Sale indentifies two brokers, Hart Corporation and Gelcor Realty.

LLC's Motion for Summary Judgment is granted in part and Binswanger of Pennsylvania, LLC is only entitled to collect one third of the commission, $56,666.67. All other aspects of the motions are denied.

ORDER

AND NOW, this 10th day of June 2015, upon consideration of the parties' cross motions for summary judgment and all responses in opposition, it hereby is ORDERED that the parties' respective motions for summary judgment are granted in part and denied in part as follows:

1. Plaintiff Binswanger of Pennsylvania, Inc.'s Motion for Summary Judgment is granted in part and Binswanger of Pennsylvania, Inc. is entitled to a commission per the Exclusive Listing Agreement.

2. Defendant TSG Real Estate LLC's Motion for Summary Judgment is granted in part and Binswanger of Pennsylvania, Inc. is only entitled to collect one third of the commission, $56,666.67.

All other aspects of the motions are denied.