J-A27038-15

2016 PA Super 45

| JEROME P. OLIVER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| LARRY M. BALL, DANNY R. BALL, LARRY J. BALL AND MARY H. BALL | |
| v. | |
| JOYCE HARMON AND AL HARMON, INDIVIDUALLY AND AS AUTHORIZED AGENTS FOR HOWARD HANNA COMPANY, T/D/B/A HOWARD HANNA COMPANY T/D/B/A HOWARD HANNA REAL ESTATE SERVICES | |
| Appellees | No. 1602 WDA 2014 |

Appeal from the Judgment Entered September 26, 2014
In the Court of Common Pleas of Butler County
Civil Division at No: A.D. No. 09-12349

BEFORE:  BOWES, OLSON, and STABILE, JJ.

OPINION BY STABILE, J.:                **FILED FEBRUARY 19, 2016**

Appellant Jerome P. Oliver appeals from the September 26, 2014 judgment entered in the Court of Common Pleas of Butler County ("trial court"), following the denial of his post-trial motion to remove a compulsory nonsuit that the trial court granted at the close of his case-in-chief in this breach of contract action.  Upon review, we reverse.

The facts and procedural history underlying this case are undisputed.[1] Appellant entered into a sale of real estate contract with Appellees Larry M. Ball, Danny R. Ball, Larry J. Ball and Mary H. Ball ("Balls") for the purchase of two tracts of land in Cranberry Township, Butler County, containing approximately 71.5 acres ("the Property"). Balls failed to convey the Property. Appellant filed suit against Balls for breach of contract, seeking specific performance and/or monetary damages. Balls eventually joined as additional defendants the parties' dual real estate agents Joyce Harmon and Al Harmon, individually and as authorized agents for Howard Hanna Company, t/d/b/a Howard Hanna Company t/d/b/a Howard Hanna Real Estate Services ("Hanna defendants"). Balls asserted that the Hanna defendants were liable to them for contribution and/or indemnification.

Appellant's claim for specific performance was severed from his claim for damages and proceeded to a non-jury trial. Following testimony on the liability phase, the trial court concluded that a valid and binding contract for the sale of the Property existed between the parties, which Balls breached. The case next proceeded to the damage phase, at which Appellant testified in support of specific performance. In particular, describing the Property, Appellant testified that "[i]t was wood[ed] property with some open fields,

---

[1] Unless another source is cited, the facts are taken from pages 1 through 3 of the trial court's September 22, 2014 opinion and order denying Appellant's motion for post-trial relief.

some old farm land, with a, like a wet weather stream running through it. It was hilly. Wasn't terribly hilly but it was sloping like all other property in Butler County." N.T. Trial, 6/17/14, at 341. Appellant testified that he planned to purchase the Property for investment purposes. *Id.* at 342. Specifically, he testified that "[m]y plans were to hold it for a long-term investment. At that time I was still in the timber business and there was some timber on [the Property] that I thought could be harvested." *Id.* He also testified:

> [a]s a real estate investor [the Property] had a lot of things I look for. It was big so it possibly could be subdivided in the future for, you know, further development. Of course, it had all the mineral rights coming with it so that was something that I hoped to put into my business in the future.

*Id.* at 342-43. Appellant testified that the location of the Property was important to him because it "is only maybe five miles as the crow flies from my home so that is important, to try to keep my investments within a reasonable distance from my home and where I work." *Id.* at 343. Explaining why the Property was important to him, Appellant testified:

> It's basically the sum of the parts of this property are much more valuable than the whole. So, again, what I have learned through 26 years of business and what I have been able to do and have learned to do is to take a whole property like this that has valuable parts, subdivide those parts, if you will, and have it become very strong investment.

*Id.* at 347. On cross-examination, Appellant acknowledged that he owns investment properties located as far away as Westmoreland and Crawford Counties. *Id.* at 348-49.

Following Appellant's testimony, Balls moved for nonsuit, arguing that Appellant failed to establish that he lacked an adequate remedy at law. The trial court agreed, granting Balls' motion for nonsuit and denying Appellant's request for specific performance. Appellant thereafter withdrew his claim for monetary damages against Balls. As a result, Balls' claims for indemnification and contribution against the Hanna defendants became moot.

On June 27, 2014, Appellant filed a post-trial motion, seeking the removal of the nonsuit. Appellant argued that he was entitled to specific performance because the Property was unique and, therefore, his remedy at law inadequate. The trial court disagreed, denying Appellant's post-trial motion on September 19, 2014. In so doing, the court observed:

> [Appellant] did not offer evidence that the quality, quantity, or type of timber on the [P]roperty is unique or unavailable elsewhere. [Appellant] did not offer evidence that gas rights are not attainable elsewhere in the [c]ounty. [Appellant] did not offer evidence that damages for the loss of these assets were unquantifiable, such that he does not have an adequate remedy at law. [Appellant] did not offer evidence that he would suffer a significant difference in purchase price for the purchase of similar property in Butler County or that the difference in purchase price is not quantifiable. [Appellant] did not offer evidence that the value of this specific . . . [P]roperty was unique to him. [Appellant] did not offer evidence that the [P]roperty's terrain was especially important to him, or that its location, other than being in Butler County and somewhat close to his home, was important to him. In sum, [Appellant] did not offer any evidence that this [P]roperty had any unique characteristics, of import to him, that cannot be found or purchased elsewhere, even within Butler County. Further, [Appellant] did not present any evidence to establish that the value of the [P]roperty was not quantifiable in money damages.

Trial Court Opinion, 9/22/14, at 9. On September 26, 2014, Balls filed a praecipe for entry of judgment in their favor. Appellant timely appealed to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising a single assertion of error, namely:

> The [t]rial [c]ourt abused its discretion by entering a nonsuit on [Appellant's] claim for specific performance of an agreement for the sale of real estate after finding that a valid and enforceable contract for sale of land existed between [Appellant] and [Balls].

Rule 1925(b) Statement. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, which largely incorporated its opinion denying Appellant's post-trial motion.

On appeal,[2] Appellant repeats the argument that the trial court abused its discretion in granting Balls' motion for nonsuit and denying his claim for specific performance.[3]

We are mindful that our standard of review following the denial of a motion to remove a compulsory nonsuit is as follows: "This Court will reverse an order denying a motion to remove a nonsuit only if the trial court

---

[2] To the extent the parties argue that we have jurisdiction over this appeal despite the trial court's failure to rule on Balls' claims for indemnity and contribution against the Hanna defendants, we agree. Here, as noted above, Appellant did not succeed against Balls on the underlying action, and as a result, Balls' claims against the Hanna defendants became moot. **See** Appellant's Brief at 24-27; Appellee's Brief at 15. Accordingly, this case is properly before us. **See** Pa.R.A.P. 341.

[3] Additional defendants/Appellees did not file a brief in this appeal.

abused its discretion or made an error of law." **Brinich v. Jencka**, 757 A.2d 388, 402 (Pa. Super. 2000) (citation omitted), **appeal denied**, 771 A.2d 1276 (Pa. 2001). "Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." **Miller v. Sacred Heart Hosp.**, 753 A.2d 829, 832 (Pa. Super. 2000) (internal citations omitted). The grant of a nonsuit is proper where, having viewed all evidence in the plaintiff's favor, the court determines that the plaintiff has not established the necessary elements of his cause of action. **Brinich**, **supra**; **see** Pa.R.C.P. No. 230.1.

With respect to specific performance, our Supreme Court explained in **Payne v. Clark**, 187 A.2d 769 (Pa. 1963):

> From the moment an agreement of sale of real estate is executed and delivered it vests in the grantee [(purchaser)] what is known as an equitable title to the real estate. Thereupon the vendor [(seller)] is considered as a trustee of the real estate for the purchaser and the latter becomes a trustee of the balance of the purchase money for the seller. Hence, if the terms of the agreement are violated by the [seller], [the purchaser] may go into a court of equity seeking to enforce the contract and to compel specific performance.

**Payne**, 187 A.2d at 770-71 (internal citations omitted). In other words, a request for specific performance is an appeal to the court's equitable powers. **See Lackner v. Glosser**, 892 A.2d 21, 31 (Pa. Super. 2006). Specific performance generally is described as the surrender of a thing in itself, because that thing is unique and thus incapable—by its nature—of

duplication. **See Cimina v. Bronich**, 537 A.2d 1355, 1357 (Pa. 1988). "A decree of specific performance is not a matter of right, but of grace." **Barnes v. McKellar**, 644 A.2d 770, 776 (Pa. Super. 1994) (citation omitted), **appeal denied**, 652 A.2d 834 (Pa. 1994). Such a decree will be granted only if a plaintiff clearly is entitled to such relief, there is no adequate remedy at law, and the trial court believes that justice requires such a decree. **Id.** "Inequity or hardship may be a valid defense in an action for specific performance and such decree refused if in the exercise of a sound discretion it is determined that, under the facts, specific performance would be contrary to equity or justice." **Payne**, 187 A.2d at 771. Mere inadequacy of price, however, will not defeat specific performance, unless grossly disproportionate. **Id.**

Courts in this Commonwealth consistently have determined that specific performance is an appropriate remedy to compel the conveyance of real estate where a seller violates a realty contract and specific enforcement of the contract would not be contrary to justice.[4] **See Borie v.**

---

[4] Outside of this Commonwealth, many jurisdictions have espoused a similar view where a sale of realty contract is breached. **See, e.g., Pardee v. Jolly**, 182 P.3d 967, 973 (Wash. 2008) (*en banc*) ("Specific performance is frequently the only adequate remedy for a breach of a contract regarding real property because land is unique and difficult to value.") (citation omitted); **Osborn ex rel. Osborn v. Kemp**, 991 A.2d 1153 (Del. 2010) (recognizing that "real property is unique and often the law cannot adequately remedy a party's refusal to honor a real property contract."); **In re Smith Trust**, 745 N.W.2d 754, 759 (Mich. 2008) ("Land is presumed to have a unique and peculiar value, and contracts involving the sale of land *(Footnote Continued Next Page)*

*Satterthwaite*, 37 A. 102 (Pa. 1897) (affirming specific performance for breach of real estate agreement); *see also Agnew v. Southern Ave. Land Co.*, 53 A. 752 (Pa. 1902) (noting that a court may enforce specifically only an agreement for realty whose terms are definite); *Rusiski v. Pribonic*, 515 A.2d 507, 510 (Pa. 1986) (affirming only the award of specific performance for breach of a realty agreement); *Petry v. Tanglwood Lakes, Inc.*, 522 A.2d 1053, 1055 (Pa. 1987) (noting that real estate contracts "have been traditionally regarded as being specifically enforceable in equity by the buyer"); *Cimina*, 537 A.2d at 1360 (reversing this Court's decision to overrule the trial court's grant of specific performance for a breach of realty agreement). As explained in the second restatement:

> Contracts for the sale of land have traditionally been accorded a special place in the law of specific performance. A specific tract of land has long been regarded as unique and impossible of duplication by the use of any amount of money.

Restatement (Second) of Contracts, §360 cmt. e. As is obvious, specific performance for the sale of land is available because no two parcels of land are identical. An award of damages will not suffice to allow a plaintiff to acquire the same parcel of land anywhere else. Thus, in the context of

*(Footnote Continued)* ─────────────

are generally subject to specific performance."); *Alba v. Kaufmann*, 810 N.Y.S.2d 539, 540 (N.Y.App.Div. 2006) (noting "the equitable remedy of specific performance is routinely awarded in contract actions involving real property, on the premise that each parcel of real property is unique.").

realty agreements breached by a seller, "we can assume that [a buyer] has no adequate remedy at law." **Snyder v. Bowen**, 518 A.2d 558, 560 (Pa. Super. 1986) (citing 81 C.J.S. Specific Performance § 76 (1977)); **cf. Petry**, 522 A.2d at 1055 ("[W]here Appellant is not claiming the right to have an *estate* in land conveyed to her, an automatic right to compel the remedy of specific performance cannot be successfully maintained.").

Instantly, we note that the parties do not dispute that a valid, enforceable contract for the Property existed and that Balls breached the same by failing to convey the Property.[5] The parties also do not argue that hardship or injustice would ensue if Appellant's request for specific performance were granted. Rather, the issue on appeal concerns only the adequacy of a remedy at law, and as such, involves a question of law.

Appellant points out that the Property is unique because it had a wet weather stream running through it, was hilly, featured timber and other minerals, and provided opportunities to him for further development. **See** N.T. Trial, 6/17/14, at 341-43. It also was important that the Property was only five miles away from his home so that he could keep his investments within a reasonable distance from home and work. **Id.** Appellant adequately testified to the unique aspects of the Property and to attributes that made the parcel valuable to him. The trial court dismissed this

---

[5] Appellant testified that he was ready, willing and able to perform under the contract. **See** N.T. Trial, 6/17/14, at 183-84, 333 (Finding of Fact ¶ 32).

testimony upon the basis that Appellant did not demonstrate that these attributes could not be duplicated elsewhere. Given that all tracts of land long have been regarded as unique, and Appellant further testified to the Property's unique characteristics *vis-à-vis* his needs, we agree with Appellant that a remedy at law is inadequate. Accordingly, we reject the trial court's conclusion that Appellant was not entitled to specific performance because the Property did not have any unique characteristics that could not be found or purchased elsewhere. We conclude that, based on our review of pertinent case law, the trial court erred in denying Appellant's claim for specific performance and granting Balls' motion for nonsuit. As stated, courts in this Commonwealth must enforce specifically realty agreements breached by sellers, except in cases where hardship or injustice would result. ***See***, ***Snyder***, ***supra***; ***Petry***, ***supra***.

We reject Appellees' and the trial court's suggestion that ***Boyd & Mahoney v. Chevron U.S.A.***, 614 A.2d 1191, 1194 (Pa. Super. 1992), ***appeal denied***, 631 A.2d 1003 (Pa. 1993), stands for the proposition that land itself is not unique, and that specific performance is only available if some characteristic of or structure on the land, or the location of the land itself, is of such importance to a buyer that no other property can duplicate its value. In ***Boyd***, we reiterated the elements necessary for specific performance and observed that a remedy at law was inadequate given the unique characteristics of the property at issue. Specifically, we noted that the location of the property was objectively unique, because it was "situated

at the entrance to [the plaintiff's] commercial development properties. Ownership of the property would permit Boyd & Mahoney to control the architectural design and future development of the area." *Id.* At 1194-95. While this Court in *Boyd* comfortably relied upon aspects of the property that made the parcel unique to the buyer to demonstrate no adequate remedy at law was available in that case, this Court nowhere advanced the proposition urged by Appellees and the trial court that considerations of uniqueness are exclusive to a buyer. Our decision in *Boyd* in no manner rejected or changed the well-established law that specific performance is available to enforce sales of realty due to land's inherent nature as unique and therefore, impossible of duplication. More directly, the question as to whether a property must present unique considerations to a buyer, as opposed to the land, to permit a decree of specific performance was not an issue before the Court in *Boyd*. We further note our research has yielded no case that supports the proposition that realty must be unique only to a buyer before specific performance may be ordered. To the contrary, our law makes clear that the remedy of specific performance in realty contracts derives from the proposition that all land is unique.

Finally, we reject the Appellees' and the trial court's reliance on *Wagner v. Estate of Rummel*, 571 A.2d 1055 (Pa. Super. 1990), *appeal denied*, 588 A.2d 510 (Pa. 1991), for the proposition that an adequate remedy at law exists for breach of a realty agreement. In *Wagner*, Ansley C. Rummel entered into an agreement with the plaintiffs whereby he granted

- 11 -

the plaintiffs an option to purchase 16 acres of land for $550.00 upon Rummel's death. Eventually, Rummel passed away and his estate and daughters refused to honor the agreement. The plaintiff brought an action against the estate of Rummel and his daughters for breach of contract, seeking specific performance. Following trial, the court issued a decree nisi, directing the estate of Rummel to "prepare, execute, and deliver to the [p]lainitffs a deed for the property, upon payment to them of $550.00 by the [p]laintiffs." **Wagner**, 571 A.2d at 1058. The defendants filed exceptions, which the trial court denied. On appeal, we vacated the trial court's order for specific performance based on injustice and hardship. Specifically, we observed:

> The only evidence regarding the value of the property was testimony that it was worth $55,000.00 to $60,000.00, roughly 100 times what the [p]laintiffs sought to pay for it. Even without such evidence, a price of $550.00 for 16 acres of land, with a home on it, raises immediate questions of fairness, and whether such a price was unreasonably favorable to the [p]laintiffs. The agreement had been prepared by the [p]laintiffs, who admitted that they handled some business affairs for Mr. Rummel. There was significant testimony in the record to indicate he was unsophisticated at best, if not illiterate, regarding business matters and legal documents. He had to have others make out checks for him and handle other similar tasks. He had little or no schooling. Although the [p]laintiffs maintained, in their pleadings, that the [d]ecedent's daughters, Frances Crays and Agnes Wells, had no contact with him for 30 years, the evidence at trial was uncontradicted that they saw him and attended to his needs with great frequency. They visited him weekly, cleaned his home for him, and handled his personal and business needs. Further, although the [p]laintiffs alleged in their pleadings that Mr. Rummel frequently sold property at less than full value, no evidence of such prior conduct was educed. It appears that the trial court ignored all of these factors, which should have been considered in weighing the fairness and justice of the [p]laintiffs' request for specific performance.

- 12 -

*Id.* at 1059. Our decision in *Wagner* was based upon facts that indicated plaintiffs sought to purchase property valued between $55,000.00 to $60,000.00 for only $550.00—an amount anchored in injustice, circumstances under which equity could not afford relief. *See Payne*, *supra*. No similar considerations are present here.

We acknowledge that when the majority in *Wagner*[6] vacated the trial court's order granting specific performance, it commented in passing:

> In remanding the case, we would be remiss if we did not discuss one other factor which should also be addressed by the trial court. We have already pointed out that specific performance of a contract should be denied if there is an adequate remedy at law available. From our review of the record, it appears that the [p]laintiffs may have a right to **seek a money judgment**. In such proceedings at law, questions of unconscionability could also be raised as a defense. Moreover, evidence from competent appraisers and other experts concerning the value of the property could be considered, if appropriate, and the true value of the property could be determined.

*Id.* at 1060 (emphasis added). We reject, as maintained by Appellees and the trial court, that *Wagner* stands for the clear proposition that there is no presumption of an inadequate remedy at law for specific performance of a contract for a sale of land in Pennsylvania. The gratuitous comments of the panel majority in *Wagner* were clearly *dicta* and did not form the basis for the Court's decision in that case. The majority in *Wagner* does not make clear, and in fact leaves the reader guessing, as to what specifically in the record caused the Court to comment as it did, as well as to the legal theory

---

[6] *Wagner* was a 2-1 panel decision of this Court.

upon which the Court felt plaintiffs **may** have a claim for money damages. Although *dicta* may at times provide useful non-binding guidance, the *dicta* quoted above is of little assistance without knowing the legal theory or record references alluded to in this passage from ***Wagner***. Perhaps most important, the Court did not hold that plaintiffs had a claim for money damages. The Court merely speculated that plaintiffs **may** have such a claim. ***Wagner*** did not change the law of specific performance as it relates to realty contracts. Instead, ***Wagner*** reaffirmed that a decree of specific performance involves the exercise of equity and discretion by a court, and that a court should not order specific performance where it appears that hardship or injustice will result to either of the parties. ***Id.*** at 1058.

In sum, we conclude that the trial court erred in denying Appellant's post-trial motion for removal of nonsuit when the Appellant clearly established that his remedy at law was inadequate under the circumstances of this case.

Judgment reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016