J-A26046-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL SEHN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARY CHRISTINE SEHN | : | No. 3113 EDA 2022 |

Appeal from the Order Entered November 3, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2018-19366

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JUNE 11, 2024**

Michael Sehn ("Husband") appeals from the order denying his petition to hold Mary Christine Sehn ("Wife") in contempt of a property settlement agreement ("PSA"). Husband contends that in denying him relief, the trial court "modified" the PSA and improperly found that his failure to cooperate impeded Wife's efforts to timely perform under the PSA. He also disputes the trial court's refusal to order Wife to personally pay him a security deposit relating to an investment property. We affirm.

Husband and Wife divorced on July 7, 2021, after over 20 years of marriage. The divorce decree incorporated but did not merge the parties' June 15, 2021 PSA. The parties owned eight pieces of real estate, and the PSA provided that each party would retain four of them. Additionally, the PSA required Wife to pay Husband $25,000 and remove Husband from all mortgage encumbrances by December 15, 2021. If she did not do so by the

deadline, she was to immediately list the properties for sale and pay the first $25,000 of proceeds to Husband.[1] Wife also had to pay Husband the $1,700 security deposit for one of the properties that Husband would now own. In the event of a breach, the non-breaching party could recover reasonable attorney's fees and costs incurred in curing the breach. PSA, N.T. Hr'g, 6/15/21, at 6.

Wife responded that Husband's claims were barred by the doctrines of accord and satisfaction and unclean hands. She also argued Husband failed to state a claim upon which relief could be granted. Wife alleged that she was delayed in paying Husband $25,000 because she had had difficulty getting financing due to co-signing their daughter's student loans.

On June 17, 2022, Wife filed an emergency motion averring that she had asked Husband to execute the deeds transferring the real estate to her but he had refused. Wife asserted that she ultimately obtained financing

_____

[1] The PSA provided: "[Husband] shall convey all of his right, title and interest to [4 properties] to [Wife] concurrent with [Wife's] payment to [Husband] in the amount of $25,000 and her causing him to be released as an obligor on all presently existing mortgage liens and encumbrances on said premises. Said conveyances and tender of funds and mortgage lien and encumbrance releases shall take place within six months from today's date. If said $25,000 payment is not made or mortgage lien or encumbrance releases are not tendered with respect to any of the aforesaid premises in the aforesaid timeframe, then all of said premises shall be listed for sale forthwith with a real estate broker serving the general vicinity of the property's locations at a reasonable listing price to be determined by the parties after consultation with said broker and shall remain listed for sale until sold. The net proceeds from said sales shall be distributed as follows: The first $25,000 to [Husband] and all remaining net proceeds to [Wife]." PSA, N.T. Hr'g, 6/15/21, at 3-4.

through family loans and paid Husband the $25,000 owed under the PSA. Wife asked the trial court to order Husband to cooperate with signing of all deeds, cooperate in enabling Wife and lender to obtain payoff statements, and pay Wife's counsel fees.

Husband countered that pursuant to the PSA, Wife was required to sell the properties if she could not obtain financing within six months. Husband asked the court to order Wife to list the four properties for sale pursuant to the PSA and pay Husband's counsel fees.

The court held a hearing and credited Wife's testimony. It found Wife in contempt but refused to grant Husband the remedy he sought, that is, ordering Wife to sell the four properties. The court found Wife had violated the provision imposing a deadline for her to either pay Husband $25,000 and remove him from all mortgage encumbrances, or immediately list the properties for sale and pay $25,000 in proceeds to Husband. The court also found that she had breached the provision requiring her to pay Husband the security deposit for the investment property. However, the trial court found Husband's requests that Wife pay him $25,000 as well as the security deposit were "moot" because Wife had already satisfied the requirements at the time of the hearing. The court nevertheless ordered Wife to pay Husband $11,700 in counsel fees.

In addition, the trial court found that Husband's claims were partially barred by the doctrine of unclean hands. The court cited his failure to cooperate by signing deeds and providing payoff statements to assist Wife in

timely removing Husband from the mortgage liens and encumbrances on the four properties. The trial court also concluded that Husband's claims were barred by the doctrine of accord and satisfaction. However, it denied Wife's request for counsel fees.

Husband timely appealed.[2] Both he and the trial court complied with Pa.R.A.P. 1925. Husband raises the following issues for our review:

> 1) Did the trial court err as a matter of law and/or abuse its discretion and commit reversible error when it modified the terms of the parties' [PSA], when Pennsylvania decisional law and Pennsylvania statutory law prohibit the court from modifying a [PSA]?

> 2) Did the trial court err as a matter of law and/or abuse its discretion when it found Husband failed to cooperate in signing deeds and providing payoff statements to assist Wife in her efforts to timely comply with the terms of the property settlement agreement when the record supports there was no contact between the parties until after the deadline for Wife's compliance had passed, and there is no competent evidence of record that Husband did anything to prevent Wife from timely complying with the terms of the agreement before the December 15, 2021 deadline?

> 3) Did the trial court err as a matter of law and/or abuse its discretion when it found the $1,700 rental property security deposit Wife agreed to transfer to Husband was "moot[,"] when the trial court record supports that Wife conceded she never paid Husband the security deposit and there is no record evidence Husband received the security deposit?

Husband's Br. at 10-11 (suggested answers omitted)

---

[2] Wife cross-appealed. This Court initially consolidated the appeals but later unconsolidated them. We address Wife's appeal separately at docket number 7 EDA 2023.

We address Husband's first two issues together. Husband argues that the trial court abused its discretion when it failed to order Wife to sell the four properties in question, thereby modifying the PSA. Husband's Br. at 28. Husband argues that Wife conceded that she failed to pay Husband $25,000 by the deadline, but the trial court refused to enforce the PSA's terms that required Wife to sell the four properties. *Id.* at 29. Husband further contends that the finding that he failed to cooperate is "not supported by competent evidence of record and lacks reason." Husband's Br. at 56.

"A settlement agreement between spouses is governed by the law of contracts unless the agreement provides otherwise." *Stamerro v. Stamerro*, 889 A.2d 1251, 1258 (Pa.Super. 2005) (brackets and citation omitted). We review for error of law or abuse of discretion. *Lewis v. Lewis*, 234 A.3d 706, 711 (Pa.Super. 2020) (citation omitted). However, to the extent the issues present questions of law, our standard of review is *de novo*, and our scope of review is plenary. *Stamerro* at 1257; *see also Kraisinger v. Kraisinger*, 928 A.2d 333, 339 (Pa.Super. 2007). "When interpreting a marital settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function." *Stamerro*, 889 A.2d at 1257 (internal quotation marks omitted) (citation omitted). We are thus bound by the court's credibility determinations. *Id.* at 1257-58.

As contracts, property settlement agreements are subject to contract remedies, including specific performance. *Id.* at 1257 (citing *Nicholson v.*

***Combs***, 703 A.2d 407, 417 (Pa. 1997)). Specific performance is an equitable remedy and as such, it is a matter "of grace and not of right." ***Payne v. Clark***, 187 A.2d 769, 771 (Pa. 1963).[3] That is, it is discretionary and "should only be granted where the facts clearly establish the plaintiff's right thereto; where no adequate remedy at law exists; and, where the [court] believes that justice requires it." ***Michael and Linda, LLC v. Smith***, 216 A.3d 262, 267 (Pa.Super. 2019) (quoting ***Payne***, 187 A.2d at 771) (alteration in original).[4]

"The doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy at issue." ***Matenkoski v. Greer***, 213 A.3d 1018, 1028 (Pa.Super. 2019) (quoting ***Morgan v. Morgan***, 193 A.3d 999, 1005 (Pa.Super. 2018)).

"In the absence of a specific provision to the contrary appearing in the [PSA], a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses shall not be subject to modification by the court." 23 Pa.C.S.A. § 3105(c). A trial court "has neither the power nor the authority to modify or vary the [agreement] unless there is conclusive proof of fraud or mistake." ***Crispo***, 909 A.2d 308, 313 (Pa.Super. 2006).

---

[3] ***See also Clark v. Pa. State Police***, 436 A.2d 1383, 1385 (Pa. 1981); ***Mrahunec v. Fausti***, 121 A.2d 878, 880 (Pa. 1956); ***Roth v. Hartl***, 75 A.2d 583, 586 (Pa. 1950); ***Oliver v. Ball***, 136 A.3d 162, 166 (Pa.Super. 2016).

[4] ***See also Stimely v. Stimely***, No. 56 MDA 2023, 2023 WL 4542065, at *2 (Pa.Super. filed July 14, 2023) (unpublished memorandum) ("Specific performance is an equitable remedy not available as a matter of course, but only in unique situations").

Here, regarding the four properties, the PSA required Husband to transfer his interest in them to Wife. In return, Wife was to pay Husband $25,000 and grant him a release, within six months. If Wife missed the deadline, the properties were to be placed for sale, and Wife would pay Husband the first $25,000 of the sale proceeds. The trial court explained that even though Wife had missed the deadline, it refused to order specific performance of the sale-and-pay-proceeds provision because Wife had already paid Husband $25,000 and granted him a release. The court added that granting specific performance would entitle Husband to double payment:

> The court notes that while Ex-Wife ultimately did pay Ex-Husband the above $25,000.00 and released Ex-Husband as an obligor on the above four properties, Ex-Husband, for reasons that were not at all made clear to the court by counsel or the parties during the two day[] hearing, insisted that the court order Ex-Wife to sell the above four properties since payment by Ex-Wife of $25,000.00 and the release of Ex-Husband as a mortgage obligor on the four properties was not completed within six months of June 15, 2021.
>
> A review by the court of the transcript from the parties['] June 15, 2021 equitable distribution agreement before former Hearing Officer, Gordin Marir, Esquire, indicates that if the court were to order Ex-Wife to sell the properties due to the untimeliness of her payment and release of mortgage and ownership obligations of Ex-Husband, Ex-Wife would pay Ex-Husband another $25,000.00 from the proceeds of sale of the four properties with the remaining proceeds of the sale of the four properties being released to Ex-Wife.

Trial Court Opinion, filed Feb. 13, 2023, at 4-5.

The court also explained that Husband's failure to cooperate with Wife had resulted in her being unable to timely perform her side of the agreement:

- 7 -

Ex-Wife testified that she failed to timely remove Ex-Husband from the mortgage liens and encumbrances and failed to timely pay Ex-Husband the sum of $25,000.00 or sell the four properties within 6 months pursuant to the terms of the June 15, 2021 Property Settlement Agreement. Through her testimony at the hearings, Ex-Wife explained to the court that Ex-Husband refused to sign over the deeds for the four properties and provide payoff statements for the four properties to Ex-Wife, thus preventing Ex-Wife from timely refinancing the mortgages on the four properties and having the properties placed exclusively in her own name pursuant to the terms of the parties['] June 15, 2021 Property Settlement Agreement. Ex-Husband's failure to take this practical and necessary action resulted in a delay in Ex-Wife's compliance with the parties' June 15, 2021 Property Settlement Agreement. Therefore, the court found that Ex-Husband's claims were at least partially barred by the doctrine of unclean hands due to his failure to cooperate in signing the deeds and providing payoff statements for the four properties to assist Ex-Wife in her efforts to timely remove Ex-Husband from all existing mortgage liens on the four properties. The court notes that Wife ultimately fully complied with [the] parties['] Property Settlement Agreement by the summer of 2022.

Ex-Wife testified that Ex-Husband's refusal to cooperate with her in her attempted execution of the terms of the June 15, 2021 Property Settlement Agreement led to her having to borrow money from her parents in order to place the four properties solely in her name. Ex-Wife testified that without Husband's cooperation in signing the deeds for the four properties and providing mortgage payoff statements or without the loan from her parents, she was unable to comply with the terms of the parties' June 15, 2021 Property Settlement Agreement since her finances were further compromised by her children's student loans on which Ex-Wife is listed as a co-signer.

*Id.* at 7-8.

We perceive no abuse of discretion or error of law in this regard. The trial court did not "modify" the PSA. Rather, it found that Wife was technically in breach but refused to grant specific performance because it concluded that doing so would not be just in this case. Nor did the court err or abuse its

discretion in concluding that Husband's failure to cooperate amounted to unclean hands and barred the relief he sought. The court based this conclusion on evidence of record and its finding is not an abuse of discretion. Husband's first two issues fail.

Husband further contends that the trial court erred as a matter of law and/or abused its discretion when it found the security deposit was "moot" because Wife had satisfied that requirement. Husband's Br. at 62. Husband argues that Wife conceded she never paid Husband the security deposit and there is no evidence he received it. *Id.*

The trial court explained that it credited Wife's testimony that she told the tenant to pay Husband back rent that the tenant owed to Wife, as a way of getting the security deposit to Husband:

> [Ex-Wife] testified that she directed a tenant from one of the parties' properties that was in the process of transferring tenancy from Ex-Wife to Ex-Husband to begin paying back rent owed by that tenant directly to Ex-Husband instead of to Ex-Wife as a means of providing the security deposit to Ex-Husband. N.T. 7/22/22 at p.19 and 9/30/22 at p. 84-85. In doing so, Ex-Wife's intention in having her tenant begin paying Ex-Husband rental monies earlier than that tenant was supposed to, was to satisfy the security deposit owed to Ex-Husband by Ex-Wife for the property located at 117 1/2 Second Street, Bridgeport, Montgomery County, Pennsylvania. The court found Ex-Wife's testimony and rationale to be credible regarding this matter.

Trial Ct. Op. at 9.

This was not error. The court was entitled to believe Wife's testimony and conclude that Husband had already received the $1,700 he was due, albeit

by alternate means. Denying specific performance under these circumstances was not an abuse of discretion.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/11/2024