J-S23003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| 1524 HAMLIN HIGHWAY, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERBERT BLACK AND TATIANA | : | No. 3115 EDA 2022 |
| BLACK | : | |

Appeal from the Order Entered October 25, 2022
In the Court of Common Pleas of Wayne County
Civil Division at No(s):  2022-00009

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED SEPTEMBER 27, 2023**

This case involves the failed sale of real property by Herbert and Tatiana Black ("the Blacks") to 1524 Hamlin Highway, LLC. ("Hamlin Highway"). After careful review, we affirm.

On November 4, 2021, the parties entered into a written agreement for the sale of commercial real estate located at 1524A Hamlin Highway, in Salem Township, PA, in the amount of $1.5 million. The sales agreement required that Hamlin Highway provide an initial deposit of $50,000 within five days of the execution date. An additional $50,000 was to be paid within 60 days of the execution date. The agreement of sale also specified, "Deposits, regardless of the form of payment and the person designated as payee, will be paid in U.S. Dollars to Broker for Seller." Agreement of Sale, 11/4/21, at 2, ¶ 2(C). Hamlin Highway claims to have made the appropriate deposits into an account

held by Penn Jersey Abstracts, Inc. The Blacks refused to proceed to settlement of the sale.

On January 10, 2022, Hamlin Highway initiated this action by filing a complaint for specific performance. The Blacks then filed an answer and new matter. The Blacks subsequently filed a motion for summary judgment, and Hamlin Highway responded with its own motion for summary judgment. The trial court heard oral argument on the motions. On October 25, 2022, the court entered an order granting summary judgment in favor of the Blacks, denying the motion for summary judgment filed by Hamlin Highway, and entering judgment in favor of the Blacks. This timely appeal followed.

Hamlin Highway presents the following issues for our review:

1. Whether [Hamlin Highway] stated a legally sufficient cause of action for specific performance where there is a contract between the parties, there was consideration for the contract, and [the Blacks] violated the terms of the contract, and no adequate remedy at law exists[?]

2. Whether the motion[s] court committed an error of law by granting summary judgment and dismissing [Hamlin Highway's] specific performance cause of action where the deposit was properly paid to [the Blacks], and even if it was not, whether it was a ground for rescinding the contract or if [the Blacks] waived the contract's down payment provision through their conduct[?]

Appellant's Brief at 5.

In its Rule 1925(b) Statement, Hamlin Highway presented these claims in one statement. *See* Rule 1925(b) Statement, 1/9/23, at 1-2. In its Rule 1925(a) Opinion, the trial court addressed the alleged points of error in one analysis. *See* Trial Court Opinion, 1/23/23, at 3-4. Likewise, we will combine

these issues and address these claims in a single discussion reviewing whether the trial court properly granted summary judgment.

Hamlin Highway argues the trial court erred in granting summary judgment in favor of the Blacks. Initially, Hamlin Highway alleges that summary judgment was inappropriate because it presented a legally sufficient cause of action for specific performance. **See** Appellant's Brief at 14-15. Particularly, Hamlin Highway contends that it paid the appropriate consideration, *i.e.*, two $50,000 deposits, albeit to a third party. **See id**. at 15-24. It asserts that the failure to pay the deposits to the Blacks did not void the sales agreement, but presented a basis upon which the Blacks could rescind or cancel the contract. Hamlin Highway claims that, because the Blacks were silent upon notice that the deposits were paid to a third party, they waived any requirement that the deposits be paid directly to them. **See id**.

Our standard of review of a trial court's order granting summary judgment is as follows:

> In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved

against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Gerber v. Piergrossi*, 142 A.3d 854, 858 (Pa. Super. 2016) (citation and brackets omitted).

As will be set forth in detail below, Hamlin Highway bore the burden of proving that it had complied with the terms of the sales agreement in order to be entitled to specific performance of the agreement. As such, it could not merely rely on the pleadings but was required to adduce evidence capable of supporting each element of its claim in order to overcome the Blacks' motion. *See* Pa.R.Civ.P. 1035.2(2).

Hamlin Highway's complaint frames its cause of action as one for specific performance. While Hamlin Highway does not explicitly assert a claim for breach of the sales agreement, we conclude that its claim for specific performance necessarily implies a claim that the Blacks breached the sales agreement. Specific performance is an equitable remedy that permits a court to compel performance of a contract rather than the common legal remedy of monetary damages. *See Lackner v. Glosser*, 892 A.2d 21, 31 (Pa. Super. 2006). "Courts in this Commonwealth consistently have determined that specific performance is an appropriate remedy to compel the conveyance of

- 4 -

real estate where a seller violates a realty contract and specific enforcement of the contract would not be contrary to justice." **Oliver v. Ball**, 136 A.3d 162, 167 (Pa. Super. 2016) (footnote omitted).

Accordingly, when read in context, Hamlin Highway's claim is one for breach of the sales agreement, but with the added burden of a demand for a special remedy: specific performance. Whether specific performance is an appropriate remedy for a breach of contract is a question largely entrusted to the discretion of the trial court:

> [s]pecific performance compels the surrender of a thing in itself, because that thing is unique and cannot by its nature be duplicated. The value of the object sought transcends money because it has no peer of location, antiquity, artistry or skill. Thus, when two persons want only what one can have, only the clearest right can prevail, and it cannot be decided by reasons other than the most careful discrimination of long precedent and careful scrutiny of the equities arising from the facts. A Chancellor must at last be relied upon to perceive them, and if the facts can support his decision, we are bound to follow it.

**Cimina v. Bronich**, 537 A.2d 1355, 1357-1358 (Pa. 1988) (citations omitted).

Here, the trial court concluded that Hamlin Highway had failed to adduce evidence capable of establishing that it had performed its duties under the sales agreement. The court therefore concluded that Hamlin Highway was not entitled to specific performance of the agreement. "When performance of a duty under a contract is due, any nonperformance is a breach." **Widmer Engineering, Inc. v. Dufalla**, 837 A.2d 459, 467 (Pa. Super. 2003) (citation omitted).

Here, for purposes of this appeal, the parties both agree that the sales agreement was an enforceable contract. Further, it is undisputed that the sales agreement required Hamlin Highway to make two separate $50,000 deposits with the Blacks' broker before settlement. The fundamental dispute on appeal is whether Hamlin Highway sufficiently complied with this requirement such that it is entitled to the remedy of specific performance.

As previously stated, the trial court entered summary judgment after it determined that Hamlin Highway failed to adduce any evidence that it had made the deposits required under the sales agreement, and the lack of consideration rendered the sales agreement unenforceable. In explaining its conclusion that the Blacks were entitled to judgment as a matter of law, the trial court stated as follows:

> The Agreement of Sale provides that "[d]eposits, regardless of the form of payment and the person designated as payee, will be paid in U.S. Dollars **to Broker for Seller**….". Agreement of Sale, p. 2 (emphasis added). Penn Jersey Abstract is not identified as [the Black's] broker in the Agreement of Sale, and there is nothing in the record to reflect that the parties designated Penn Jersey Abstract as the escrow agent for the transaction. Although a deposit of $50,000 was made by Real Property Capital, Inc., [Hamlin Highway's] parent company, there was no receipt by [the Blacks].[3] [Hamlin Highway's] argument that there was "constructive acceptance' by [the Blacks] is without merit, and [Hamlin Highway] failed to cite any legal authority to support this claim. [Hamlin Highway's] complaint for specific performance is untenable because the Agreement of Sale is not enforceable for lack of consideration. **See Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pennsylvania**, 895 A.2d 595, 600 (Pa. Super. 2006) ("It is axiomatic that consideration is 'an essential element of an enforceable contract.'") (quoting **Stelmack v. Glen Alden Coal Co**., 14 A.2d 127, 128 (Pa. 1940)). Therefore, the

- 6 -

material facts are undisputed and summary judgment in favor of [the Blacks] was proper.

> ³ [Hamlin Highway] attached to its motion for summary judgment a copy of a check in the amount of $50,000 and corresponding deposit slip to represent the second deposit. Notwithstanding [Hamlin Highway's] failure to respond to [the Black's] request for admissions and assuming a second deposit was made, there was no receipt by [the Blacks] because these funds were also paid to Penn Jersey Abstract.

Trial Court Opinion, 1/23/23, at 3-4. We agree, although our reasoning varies slightly from that of the trial court. **See Dockery v. Thomas Jefferson University Hospitals, Inc.**, 253 A.3d 716, 721 (Pa. Super. 2021) (observing that the Superior Court can affirm a trial court order on any valid basis).

Our review of the record at the time of summary judgment, in the light most favorable to Hamlin Highway, as the non-moving party, reflects that the sales agreement required Hamlin Highway to pay the Blacks, within five days of the execution, an initial deposit of $50,000 against the purchase price of $1.5 million. **See** Sales Agreement, 11/4/21, at 2.[1] Hamlin Highway was required to pay the Blacks, within 60 days of execution, an additional deposit of $50,000. **See id**. The sales agreement further specifies that deposits "will be paid in U.S. Dollars to Broker for [the Blacks] (unless otherwise stated

---

[1] The Blacks signed the sales agreement on November 4, 2021, and Hamlin Highway appears to have signed the sales agreement on that date as well. However, there appears to be an additional signature of a buyer that is dated November 15, 2021. **See** Sales Agreement, 11/4/21, at 9.

here: _____)." *Id*. We note that the blank space in the sales agreement was left vacant by the parties. Accordingly, we are left to conclude that the parties agreed that the deposit monies were to be paid by Hamlin Highway to a broker designated by the Blacks.

It is undisputed that a company named "Real Property Capital, Inc." issued check number 1112, dated November 19, 2021, payable to Penn Jersey Abstract, in the amount of $50,000. *See* Hamlin Highway's Motion for Summary Judgment, 9/15/22, at Exhibit A. However, Hamlin Highway presented no evidence that Penn Jersey Abstract was an agent of the Blacks, let alone had been designated as an agent for this sale. Even on appeal, Hamlin Highway merely highlights evidence that it sent a copy of the check to the Blacks and their attorney; it does not argue that Penn Jersey Abstract was in fact an agent for the Blacks. *See* Appellant's Brief, at 7.

Further, the memo line on the check is blank. In addition, there is no indication on the check that the item was deposited at a financial institution. Moreover, Exhibit A also includes a copy of a handwritten deposit slip for Penn Jersey Abstract's trust account at Fulton Bank. This item appears to be a copy of a slip that would have accompanied a check at the time it was delivered to a bank for deposit. It is not a receipt slip from the bank indicating that funds have been deposited into an account. Furthermore, the handwritten date at the top of the deposit slip is 11/30/21. *See* Hamlin Highway's Motion for Summary Judgment, 9/15/22, at Exhibit A.

Assuming for the sake of argument that the sales agreement was fully executed on November 15, 2021, the initial $50,000 deposit was to be paid within five days, *i.e.*, by November 20, 2021. Hamlin Highway's own documentation reveals that, not only were the initial deposit moneys tendered to a company that Hamlin Highway presented no evidence was the Black's broker, but the moneys also purportedly deposited on November 30, 2021, were not paid within the five-day period required under the sales agreement. *See id*.

In addition, review of Exhibit B appended to Hamlin Highway's motion for summary judgment reflects similar concerns. Again, a company named "Real Property Capital, Inc." issued check number 1129, dated January 7, 2022, payable to Penn Jersey Abstract, in the amount of $50,000. *See* Hamlin Highway's Motion for Summary Judgment, 9/15/22, at Exhibit B. The memo line on the check was once again blank. Similarly, there is no indication on the check that the item was negotiated at a financial institution. *See id*. As with Exhibit A, Exhibit B includes a copy of a handwritten deposit slip for Penn Jersey Abstract's trust account at Fulton Bank, which would have been delivered to the bank at the time the check was deposited. There is no receipt slip from the bank indicating that funds were deposited into an account. *See id*.

Under these circumstances, the trial court properly determined that Hamlin Highway had failed to adduce evidence capable of establishing it had

tendered the appropriate consideration, being two deposits of $50,000, to the Blacks' broker. Therefore, Hamlin Highway failed to adduce evidence capable of establishing it had performed its duties under the sales agreement, and the trial court was entitled to decline to exercise its discretion to grant Hamlin Highway the extraordinary remedy of specific performance.

If Hamlin Highway had sought the common remedy of monetary damages for the Blacks' alleged breach, the trial court would have had to engage in an analysis of whether Hamlin Highway's breach was material. **See** **Widmer Engineering**, 837 A.2d 467-468. Since Hamlin Highway sought only specific performance as a remedy, however, the trial court was entitled to deny relief on the basis that specific performance would be "contrary to justice." **Oliver**, 136 A.3d at 167.

In the alternative, Hamlin Highway argues that the trial court erred because the record does not foreclose the possibility that the Blacks waived the enforcement of the deposit clause. Specifically, Hamlin Highway contends that since the Blacks did not explicitly object when it provided notice of the deposits with Penn Jersey Abstract, it is for the finder of fact to determine whether they waived enforcement of the deposit clause. However, Hamlin Highway fails to identify the place in the record where it preserved this issue before the trial court. **See** Pa.R.A.P. 2117(c). Our independent review of the record reveals that Hamlin Highway did not assert this theory in either its answer to the Blacks' motion for summary judgment or in its own motion for

summary judgment. Hamlin Highway therefore waived this argument on appeal. *See* Pa.R.A.P. 302(a).

Even if not waived, we would conclude Hamlin Highway is not necessarily due the relief it seeks. If Hamlin Highway had presented this issue to the trial court, and sought the common legal remedy of monetary damages for breach, the trial court would have been required to address whether there was sufficient evidence of record to present the claim to a fact-finder. However, Hamlin Highway did not seek monetary damages; it sought specific performance. Since Hamlin Highway sought an equitable remedy, the trial court would have been entitled to weigh any asserted waiver in addressing whether specific performance was contrary to justice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/27/2023